In the Matter of the Claim of WILLIAM SOUKUP, Respondent, against FRIEDMAN MARBLE & SLATE WORKS, Employer, and STATE INSURANCE FUND, Insurance Carrier, Appellant. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 2, 1938.

*Patrick S. Mason* [*George J. Hayes* with him on the brief], for the appellant.

*Clarence B. Tippett,* for the respondent American Mutual Liability Insurance Company.

*John J. Bennett, Jr., Attorney-General* [*Leon Freedman, Assistant Attorney-General,* of counsel], for the State Industrial Board.

BLISS, J. The State Insurance Fund, insurance carrier, is appealing from an award of compensation under the Workmen's Compensation Law made to William Soukup, a disabled employee, for the partial permanent loss of use of his right hand as the result of an occupational disease. An award covering a portion of the same period had previously been made against the same employer and the respondent American Mutual Liability Insurance Company as its insurance carrier. But this award was, by the decision here appealed from, rescinded in the interest of justice and the previous findings as to coverage against the American Mutual Liability Insurance Company reversed.

It is stipulated that claimant worked for this same employer for approximately sixteen years up to December 23, 1936, when he became disabled as a result of a Dupuytren's contracture caused by his employment with this employer, that the particular machine upon which he worked was used by him at an average of not less than two whole days a week from about February, 1936, to November, 1936, after which latter date the claimant did not use this machine. However, he continued to work for the same employer without interruption up until December 23, 1936. The appellant, State Insurance Fund, insured the employer up to

December 9, 1936, when its policy terminated and the policy of the American Mutual Liability Insurance Company went into effect.

The Industrial Board, in its memorandum of decision handed down on November 17, 1937, which directed the final award and decision here appealed from, found that claimant's disablement on December 23, 1936, was causally related to his working on the machine last used by him on November 13, 1936, and that there was no evidence that the occupation subsequent to November 13, 1936, caused or contributed to the disablement.

This memorandum of decision directed the exoneration of the American Mutual Liability Insurance Company, reversed the referee's findings of coverage against this respondent and restored the case to the referee's calendar for the giving of notice to the State Insurance Fund and the making of an award against the employer and this latter carrier. The formal findings of fact and conclusions of law made by the Industrial Board after the award of December 27, 1937, are to the effect that claimant became disabled on or about December 23, 1936, while engaged in the regular course of his employment, as the result of Dupuytren's contracture of the right hand, which was due to the nature of his employment and that the disability was sustained by him within twelve months prior to December 23, 1936, and which was found to be an occupational disease.

The appellant first urges that claimant's disability is not the result of an occupational disease. Claimant was a marble polisher and his condition was caused by the use of an edge polishing machine which required tightening and loosening of a clamp by the constant turning of a knob or screw. It was necessary to adjust these screws in clamping the marble tightly in the machine, with the result that there was considerable pressure on the palmar surface of the hand and there was a marked contracture of the hand while making the adjustments. This would cause sufficient pressure on the palmar fascia and nerves to result in a fatigue that would predispose to a definite contracture. The occupation also involved continuous friction, pressure and vibration of the parts of the hand affected. The final result to claimant was an inability to properly extend or flex the fingers of the right hand, known to the medical profession as Dupuytren's contracture. He first began to notice trouble with his hand while working on the machine in the month of February, 1936, and that it kept gradually getting worse until a permanent contracture resulted. He stopped working on this particular machine in November, 1936, and did a different kind of work for the same employer thereafter until December 23, 1936, when he ceased working entirely. He has since returned to work

for the same employer and in the meantime underwent an operation on the hand. It is thus quite apparent that his partial loss of use of the hand was both contracted in the employment and was due to the nature of that particular employment and comes well within the ruling of the Court of Appeals in *Goldberg* v. *954 Marcy Corporation* (276 N. Y. 313). (See, also, *Bishop* v. *Comer & Pollock, Inc.*, 251 App. Div. 492, 496.)

The appellant also urges that if there is any liability by the employer and its carrier for claimant's disability, such liability rests upon the respondent, American Mutual Liability Insurance Company, which was the carrier on the risk on December 23, 1936, the date of final disablement, instead of on the appellant. The latter was on the risk at the time the disablement was contracted and completed and the work being performed, to which the disablement was causally related. In support of this contention, appellant cites section 38 of the Workmen's Compensation Law, which is to the effect that the disablement of an employee resulting from an occupational disease shall be treated as the happening of an accident and urges that liability must be determined as of this date. It becomes apparent at once that if liability here must be fixed as of December 23, 1936, the date on which claimant finally ceased working, such disability cannot in justice be charged to the American Mutual because the disability was not the result of claimant's employment at any time while this carrier covered such risk. Here all of the facts established on the hearings as well as the memorandum of decision of the Industrial Board dated November 17, 1937, show that claimant's disability was complete on November 13, 1936, was causally related to his employment up to that time and bore no relation to any work performed by him after that date. It is not necessary that an employee actually cease working in order to have this kind of a permanent partial disability become complete within the meaning of section 38.

The award was made against the proper carrier. To follow section 38 as blindly as appellant urges would be placing too strict a construction upon it. We would not be justified in remitting this claim solely for the purpose of changing the date of disablement in the formal findings.

The award should be affirmed, with one bill of costs to be divided between the respondents State Industrial Board and American Mutual Liability Insurance Company.

HILL, P. J., RHODES, CRAPSER and HEFFERNAN, JJ., concur.

Award affirmed, with one bill of costs to be divided between the respondents State Industrial Board and American Mutual Liability Insurance Company against the appellant.