Bergan, J.
The controversy here is between insurance carriers as to which shall have the responsibility for a compensation award based on an occupational disease. Here claimant had a ganglion on her left wrist, an occupational disease, which has been found due to her employment.
It was found to have been “ contracted ” before April 30, 1947. During this time the Jamestown Mutual Insurance Company was on the risk. On April 30,1947, the American Motorists Insurance Company, the appellant here, became the carrier.
On November 17, 1947, an operation was performed. This was the “ disablement ”. The award was made by the board against the American Motorists Insurance Company alone. This is literal conformity with the statute. The “ disablement ” of the employee is treated as the “ happening of an accident ”. (§ 38.)
The contraction of the disease without disability has significance only as it related to a later disablement. The stress that is placed on disability suggests that this is the controlling factor of carrier responsibility. Where there is a change of employers the risk may be divided (§ 44), but there is no apportionment provided for carriers where the employer is unchanged.
Appellant’s argument is largely based on Matter of Soukup v. Friedman Marble & Slate Works (255 App. Div. 249). This case is frequently cited on the subject because of a sentence in the opinion: “ It is not necessary that an employee actually cease working in order to have this kind of a permanent partial disability become complete ”. (P. 252.) But the case must be confined to a very narrow area, if, indeed, it has not been overruled.
There the new carrier assumed the risk December 9,1936, and the disablement occurred December 23, 1936, but the last time that the claimant worked with the machine which caused the disablement was under the risk of the former carrier, on November 13, 1936.
*249 If this is not a distinguishing factor, and we doubt that it is, the decision must be deemed overruled by Matter of Lanzetta v. Allied Decorating Co. (287 N. Y. 570). There the claimant contracted dermatitis May 1, 1939; a new carrier assumed coverage September 9, 1939, and disability occurred October 19, 1939.
The award solely against the new carrier was unanimously affirmed here (261 App. Div. 861) as well as in the Court of Appeals. The decision was entirely consistent with the earlier ruling here in Matter of Larkow v. Standard Mirror Co. (251 App. Div. 762).
The decision and award of the Workmen’s Compensation Board should be affirmed, without costs.
Foster, P. J., Heefernan, Brewster and Deyo, JJ., concur.
Decision and award of the Workmen’s Compensation Board affirmed, without costs.