THE EQUITABLE CASUALTY UNDERWRITERS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LOUIS LEHNER, Defendant in Error.)

*Opinion filed October 28, 1926.*

1. WORKMEN'S COMPENSATION—*injured employee may proceed against employer's insurance company under section 28 of Compensation act.* Under section 28 of the Compensation act the injured employee may proceed directly and solely against the employer's insurance company if the employer does not pay the compensation for which he is liable; and this right of the employee is unlimited, and proceedings may be brought against the insurer either before or after the employer's liability has been established and an award made against him, and the insurer may be held liable in a joint award against it and the employer.

2. SAME—*when an insurance company is not deprived of due process of law—notice.* An insurance company whose contract of compensation insurance makes all the provisions of the Compensation act a part of its policy is not deprived of due process of law by a proceeding against it before the Industrial Commission by petition of the injured employee for payment of an award which he has previously obtained against his employer in a proceeding to which the company was not a party, as the company was bound to take notice of the original proceeding and is bound thereby in the absence of any showing of fraud or collusion between the employer and employee.

3. SAME—*Compensation act does not require insured employer to notify insurer of accident.* The Compensation act does not require, as a condition of recovery by the injured employee against the employer's insurer, that the employer notify the insurer of the accidental injury, as the rights of the employee under a contract of compensation insurance and under the Compensation act are in no way controlled by the rights of the employer against his insurance company.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

MILLER, GORHAM, WALES & NOXON, THOMAS C. ANGERSTEIN, and GEORGE W. ANGERSTEIN, for plaintiff in error.

FRED A. GARIEPY, and LORIN L. HOGUE, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Defendant in error, Louis Lehner, sustained accidental injuries arising out of and in the course of his employment with the Sun Window Cleaning Company on February 15, 1923. He filed an application for adjustment of claim with the Industrial Commission, and on August 31, 1923, an award was entered in his favor by an arbitrator for compensation for $697 and $100 for medical services against Sun Window Cleaning Company. The award for compensation was confirmed by the Industrial Commission on February 29, 1924, in the said sum of $697 but the commission refused to allow anything for medical services. On *certiorari* proceedings in the circuit court of Cook county the circuit court set aside the award of the Industrial Commission and entered an award in favor of defendant in error on May 9, 1924, amounting to $697 as compensation and the further sum of $100 for medical services, and found both of said amounts had accrued and were then due. The record further shows that on October 12, 1923, after the award was entered by the arbitrator and before the decision of the Industrial Commission on review of the award, George A. Oleson, claim agent for the Equitable Casualty Underwriters, addressed a letter to the Industrial Commission, in which, through him as agent, the insurance company denied liability for compensation due or to become due defendant in error under its policy with the Sun Window Cleaning Company, and stated as its ground for such contention that the Sun Window Cleaning Company had failed to notify it of the accidental injury sustained by defendant in error, in accordance with the requirements in its policy of insurance. A letter had previously been written to the attorney for the defendant in error by the same claim agent, notifying him that it would be necessary for

defendant in error to obtain payment of the compensation from Sun Window Cleaning Company inasmuch as the insurer had disclaimed all liability for the same but did not state in such letter its grounds for such disclaimer or refusal. The insurance company had also disclaimed and denied all liability under its insurance contract with the Sun Window Cleaning Company, and after the award aforesaid was entered in the circuit court the insurance company, upon demand of defendant in error for payment thereof, refused to pay the award.

On June 23, 1924, Louis Lehner filed his petition, under section 28 of the Compensation act, against Equitable Casualty Underwriters, in which he set up the foregoing facts and prayed in his petition that the insurance company be made a party to the proceedings before the Industrial Commission, and that the award of $797 aforesaid be entered against Sun Window Cleaning Company, the employer, and Equitable Casualty Underwriters, the insurance carrier, jointly. The insurance company filed a motion to dismiss the petition on the ground that the Industrial Commission was without power and authority to consider the petition and had no jurisdiction to consider the same or grant the prayer thereof; also, that the matters alleged in the petition are insufficient to authorize the prayer thereof and showed no right to the relief prayed. The facts alleged in the petition were proved by competent evidence. It is also true that the petition aforesaid further alleged, and the evidence thereunder showed, Sun Window Cleaning Company had a policy of compensation insurance with the Equitable Casualty Underwriters, and that demand had been made upon Sun Window Cleaning Company for the payment of the compensation awarded by the circuit court and that it had refused to pay the same. It was also proved on the hearing of the petition that in response to a letter from the Industrial Commission stating that Sun Window Cleaning Company had not complied with the rules of the Industrial

Commission as to insurance coverage, a certificate of insurance was filed with the Industrial Commission by the Equitable Casualty Underwriters, in which it certified that the Sun Window Cleaning Company was insured by it covering the obligation imposed upon the Sun Window Cleaning Company by the Workmen's Compensation act, and that the insurance was written by and in accordance with the policy filed by the Equitable Casualty Underwriters with the Industrial Commission. That policy of insurance provided, among other things, that the insurer agreed to assume and perform each and every obligation that the workmen's compensation laws, with amendments thereto, required the assured to do and perform on account of personal injuries, including death resulting at any time therefrom, accidentally sustained while the policy was in force, by any employee of the assured in the course of and arising out of his employment by the assured. A rider attached to the policy provided that the obligation of the insurer included such workmen's compensation laws as therein cited and described, which laws were described as House Bill No. 841, session laws 1913, and any laws amendatory thereto. The term of the policy was from June 12, 1922, to June 12, 1923, and the accident for which compensation was awarded against Sun Window Cleaning Company occurred during the existence of the policy. After a hearing on said petition and consideration of the evidence aforesaid the Industrial Commission denied the insurance company's motion to dismiss the petition and granted the prayer of the petition, making Equitable Casualty Underwriters an additional party respondent in the proceedings for allowance of claim and made it jointly liable with the Sun Window Cleaning Company for payment of compensation awarded in that proceeding in the sum of $797. The circuit court of Cook county in a *certiorari* proceeding confirmed this order and award against the insurance company and the Sun Window Cleaning Company, jointly, and this

322—30

court has allowed the petition of the insurance company for a writ of error to review the record.

Section 28 of the Workmen's Compensation act provides that in the event the employer does not pay the compensation for which he is liable, then an insurance company, association or insurer which may have insured such employer against such liability shall become primarily liable to pay to the employee, his personal representative or beneficiary, the compensation required by the provisions of this act to be paid by such employer. The insurance carrier may be made a party to the proceedings to which the employer is a party and an award may be entered jointly against the employer and the insurance carrier. The foregoing provisions are stated in the exact language of the statute. (Laws of 1919, p. 553.)

Said section 28 as originally enacted is in this language: "Any person, who shall become entitled to compensation under the provisions of this act, shall, in the event of his inability to recover such compensation from the employer on account of his insolvency, be subrogated to all the rights of such employer against any insurance company, association or insurer which may have insured such employer against loss growing out of the compensation required by the provisions of this act to be paid by such employer, and, in such event only, the said insurance company, association, or insurer shall become primarily liable to pay to the employee or his personal representative the compensation required by the provisions of this act to be paid by such employer." (Laws of 1913, p. 353.)

In the case of *Illinois Indemnity Exchange* v. *Industrial Com.* 289 Ill. 233, this court construed said original section, and held, in substance, that an injured employee may recover an award against an insurance company who has issued a policy of insurance to the employer covering such legal liability of the assured as is imposed by the Compensation act, and that the liability of the insurer is a primary

liability, provided the employer is insolvent and the claim is proper, regardless of a provision in the original policy that no action shall be brought against the company except for reimbursement of an amount actually paid by the employer. It was further held in that case that a release by the employee of his claim against the insurance company is void, under section 23 of the act, when made without the approval of the Industrial Commission. We are now asked to construe said act as amended in 1919, as above set forth.

Under the Illinois Compensation act compensation that is justly due an employee for an accidental injury should be recovered with certainty, either against the employer or against the employer's insurer, as that is the intent of the provisions of said act. By section 26 of the act any employer within the provisions of section 3 of the act, and any other employer who shall elect to provide and pay the compensation provided by the act, shall (1) file with the commission a sworn statement showing his ability to pay the compensation for which he may become liable; or (2) furnish security, indemnity or a bond guaranteeing such payment; or (3) insure to a reasonable amount his liability to pay such compensation in some corporation or organization authorized, licensed or permitted to do such insurance business in the State; or (4) make some other provisions for the securing of such payment. This section further provides that an employer subject to the act shall furnish and file with the commission evidence of his compliance with said provisions, as often as the commission may demand, in writing. It also provides that the sworn statement of financial ability, or security, indemnity or bond, or amount of insurance, or other provision furnished or made by the employer, shall be subject to the approval of the commission. Under paragraph (*c*) this section provides that whenever the Industrial Commission shall find that any corporation, company, association or other insurer effect-

ing workmen's compensation insurance shall be insolvent, financially unsound or unable to fully meet all payments and liabilities assumed or to be assumed for compensation insurance, or shall practice policy of delay or unfairness toward employees in the adjustment, settlement or payment of benefits due such employees, the Industrial Commission may, after reasonable notice and hearing, order and direct that such corporation, company, association or insurer shall, from and after a date fixed in such order, discontinue the writing of any such workmen's compensation insurance in the State, such order to be reviewable by the courts as in the case of other orders of such commission.

The provisions set forth in the first sentence of said section 28, now in force, are plain, unequivocal and positive to the effect that if the employer does not pay the compensation for which he is liable, then an insurance company which may have insured such employer against such liability shall become primarily liable to pay to the employee, his personal representative or beneficiary, the compensation required by the provisions of this act to be paid by such employer. This provision gives the employee a right to proceed directly and solely against the insurance company if the employer insured by it does not pay the compensation for which he is liable. The proceeding should be brought before the Industrial Commission, and it is contemplated by this section that a proceeding has already been brought against the employer insured and his liability established and that the employer has refused or does not pay the compensation for which he is held liable. The plain and unequivocal provisions set forth in the second sentence of that section are, that such insurance carrier may be made a party to the proceedings before the Industrial Commission to which the employer is a party, and that an award may be entered jointly against the employer and the insurance carrier if a liability is established against the employer. This right to the employee so injured is

unlimited, and we hold that the proceedings may be brought against the insurance carrier either before or after the employer's liability has been established and an award made against him and the insurance carrier be held liable in a joint award against it and the employer.  These provisions are so plain and so unequivocal as to give notice to all insurance companies or societies who insure such employers and by their contract of insurance make themselves liable to pay the compensation which the employer is liable to pay or may be liable to pay under the Compensation act.  The joint liability of plaintiff in error in this case with the employer, Sun Window Cleaning Company, is clearly established, and the judgment of the circuit court should be affirmed.

By the provisions of the contract of insurance plaintiff in error undertook to perform the obligations imposed upon the Sun Window Cleaning Company by the Workmen's Compensation act.  Assuming this obligation, it made section 28 of the act as above set forth a part of its contract, and all other provisions of the Compensation act applicable to it, parts of its contract, and thereby gave the Industrial Commission jurisdiction and power to determine the rights of defendant in error, Lehner, in this proceeding against it and the employer jointly under the provisions of said section 28.

It is urged by plaintiff in error that since it was not made a party to the original proceedings and was not given an opportunity to appear and defend the claim for compensation in the first instance it would be deprived of its property without due process of law by holding it liable under a petition filed after the award of compensation was entered against the employer.  It is a sufficient answer to that contention that the provisions of said section 28 plainly give to the defendant in error the right to secure such joint liability aforesaid and that that section is a part of plaintiff in error's contract.  The employer in the first instance con-

tested the right of defendant in error, Lehner, to the award for compensation before the Industrial Commission, and that award was reviewed and confirmed by the circuit court. Plaintiff in error had notice of those proceedings, and it had a right, under the provisions of its policy and under the statute, to appear and contest the award in the first instance if it had seen fit to do so. *Prima facie* the rights of Lehner to compensation against the employer were established by the proceedings before the Industrial Commission and by the confirmation of the award by the circuit court, and both the assured and plaintiff in error are bound thereby in the absence of any showing of fraud or collusion between Lehner and his employer. Plaintiff in error did not attempt to contest the question of the liability of the employer to pay the compensation awarded and it does not now make any claim that the employer is not so liable, and both plaintiff in error and the employer are now conclusively bound by the award.

The claim of plaintiff in error that the provisions of its contract of insurance were not performed by the assured by giving the required notice to it of the accidental injury to Lehner within the time required by the provisions of the contract is not tenable. The rights of Lehner under this contract of insurance and under the provisions of the statute are in no way controlled by the rights of the insured or employer against plaintiff in error. Such a defense might be good as against the employer but it constitutes no defense whatever as against defendant in error, Lehner. The Compensation act does not require notice by the assured to plaintiff in error as a condition of recovery of an award by defendant in error, Lehner. Plaintiff in error has had ample opportunity to make any proper defense that the employer of defendant in error, Lehner, was not, in fact, liable for the award in this case, and by its contract its liability is measured solely by the liability of the employer, Sun Window Cleaning Company, which is

clearly established in this case, and the claim of plaintiff in error that it is deprived of its property without due process of law is without merit.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*