This appeal challenges the concurring findings of the Workmen's Compensation Bureau and the Hudson County Court that appellant Liberty Mutual Insurance Company is liable to pay an award for disability due to chrome exposure. The award itself is not challenged. The issues are whether the disability occurred during the period of appellant's coverage and, if it did, whether the claim is compensable by appellant inasmuch as the employee continued the exposure after appellant's coverage terminated.
The employee was first employed February 18, 1942, while appellant insured the risk and except for four months starting July 11, 1946, was continuously employed and exposed to chrome to and including the Bureau hearings on January 8, and 29, 1948. Appellant's policy expired November 28, 1946, and thereafter successive policies of respondent Hartford, from November 29, 1946, to January 8, 1947, and of respondent Employers' Mutual, after January 8, 1947, covered the risk.
The Bureau and the County Court found that the disability due to chrome poisoning occurred during January, 1946, in the period of appellant's coverage. There is ample evidence in the testimony to support this conclusion, and we shall not disturb it. It is true that frequently in cases of this kind some clearly defined event, a medically advised or compulsory quitting or change of work because of inability to endure further exposure serves to establish the disability date. Textileather Corp. v. GreatAmerican Indemnity Co., 108 N.J.L. 121 (E. A. 1931);Natural Products Refining Co. v. Court of Common Pleas in andfor Hudson County, 123 N.J.L. 522; affirmed, 125 N.J.L. 309
(E. A. 1940). But as was observed in Koval v. NaturalProducts Refining Co., 25 N.J. Misc. 489 (Sup. Ct. 1947), this is when the evidence is "lacking proof as to when the progress of the *Page 531 
disease was arrested and the condition became chronic." The proof is abundant in this case as to the actual time disability ensued.
Appellant insists that if disability did occur during its policy coverage the employee continued his exposure to chrome after its policy terminated and is barred by R.S. 34:15-34,N.J.S.A., from filing a claim until within one year from the last injurious exposure. That statute unlike the Asbestosis and Silicosis Act, R.S. 34:15-35.1 et seq., N.J.S.A., makes no reference to injurious exposure. It bars claims not filed "within one year after the date on which the employee ceased tobe exposed — to such occupational disease." The County Court correctly held "that while the statute fixes the uttermost limit of delay in the filing of a compensation claim after the cessation of exposure, it sets no restriction upon timeliness,i.e., upon the filing before the claimant has ceased to be exposed."
The judgment is affirmed.