EDWARD T. MILNER *vs.* 250 GREENWOOD AVE. CORPORATION, FORMERLY RUMFORD CHEMICAL WORKS.

JANUARY 26, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is an original petition under the provisions of article VIII, §2, item 24, of the workmen's compensation act, general laws 1938, chapter 300, to obtain compensation for the occupational disease of poisoning by sulphuric acid. After a hearing in the superior court the trial justice entered a decree ordering the payment of compensation together with medical expenses. The case is before us on respondent's appeal from that decree.

It appears in evidence that the petitioner, sixty-one years

of age, had worked steadily from 1916 to 1948 as a blacksmith and welder for the respondent, a manufacturer of sulphuric acid, hereinafter sometimes called the employing corporation; that as part of his regular occupation, especially from about November 1933 to March 1939, he was frequently called upon to weld breaks and vents in the steel covering of a brick oven while sulphur was being burned therein; and that on every such occasion up to 1939, when other apparatus was substituted for the oven, the escaping sulphur fumes in which he was obliged to work were so intense that he had to stop quite often for fresh air. He further testified that at first the fumes would only gag him, but in time he developed a cough and "spasms" which resulted in a shortness of breath which by October 1947 partially disabled him; and that in November 1948 his difficulty in breathing became so aggravated that it incapacitated him for work of any kind. Although he was not exposed to sulphur fumes after 1939, he nevertheless continued to work in an atmosphere of dust and other vapors incident to his work. There was medical testimony to the effect that petitioner's ailment was poisoning by sulphuric acid, while other testimony diagnosed it as asthma bronchitis and emphysema.

Throughout this case respondent resisted liability solely on the ground that according to its medical evidence the petitioner was not suffering from occupational poisoning by sulphuric acid within the meaning of the act. The conflicting evidence on that point was resolved in favor of the petitioner by the trial justice who awarded him compensation for partial incapacity from October 27, 1947 to November 28, 1948, and for total incapacity from the latter date until further order, together with medical expenses.

At the hearing of the case before us respondent, apparently realizing that under our well-settled rule this court would not disturb a finding of fact by the trial justice when supported by some legal evidence, conceded liability.

However, error is claimed in that the trial justice refused to decide whether Employers Liability Assurance Corporation, Ltd. or Travelers Insurance Company, hereinafter called Employers and Travelers respectively, was bound to pay compensation in the circumstances of record. On this point the trial justice in his rescript expressed himself as follows: "Only the employer is a respondent to this action. No insurance carrier has been made a party. We feel that we are not called upon in this cause to determine for the respondent which of its carriers is to be charged."

The issue thus raised requires due consideration as it materially affects the procedure in this class of cases. Throughout our discussion of the question under consideration it must be kept in mind that the employer is the *only* respondent in the case. In order that the grounds for the claim of error be more clearly understood we deem it advisable to refer to a certain allegation in the petition, to the travel of the case, and to an incident occurring during the trial upon which Travelers, one of respondent's insurers, relies.

In completing paragraph numbered 8 in the petition with reference to what the issue in the case was it is stated: "The respondent's insurer at the time of disability disputes its liability for a disease contracted prior to its assumption of the risk." The record is clear that at the hearing before the director of labor and at the trial in the superior court, where the respondent contested liability, the attorneys of the insurers did not appear in behalf of the insurers as neither of them was a party in the case. In fact when the director of labor decided for the petitioner a claim of appeal to the superior court was filed solely in the name and behalf of the respondent as the only party aggrieved.

When the superior court decided for the petitioner the claim of appeal to this court was signed by the attorneys for Travelers in behalf of "The Respondents 250 Greenwood Avenue Corporation And The Travelers Insurance Company," the latter apparently having carried the burden

of defending the employing corporation against liability. Employers did not appeal from the decree under consideration. In our judgment Travelers did not become a party to the case merely because it claimed to be an aggrieved party as above indicated. Such claim of appeal and the reasons of appeal that followed constituted in substance and effect an appeal in behalf of the employing corporation only, which was then, as theretofore, the sole party in the case.

Up to the time of the incident that we are about to mention and thereafter the position of Employers was apparently that of an observer whose only interest in the case was, like that of Travelers, to preclude recovery by the petitioner. When Travelers had finished cross-examining the petitioner, counsel for Employers inquired whether he might ask "a few questions." Objection was made on two grounds: first, that as the employing corporation was the sole respondent in the case the right to cross-examine the petitioner was limited by the rules of practice in the superior court to one attorney representing the adverse party; and secondly, that in the circumstances it was no concern of the petitioner whether the employing corporation or its insurer was liable to pay compensation if liability were established. After some further discussion the trial justice overruled the objection, stating in substance that considering the nature and extent of Employers' request he could see no prejudice to the petitioner. Under that ruling petitioner was subjected to but eight questions in further cross-examination by Employers.

Under respondent's appeal to this court Travelers seeks to claim that the trial justice erred in refusing to decide whether it or Employers was liable for the payment of compensation to the petitioner. The grounds for that contention are as follows. First, the hereinbefore-mentioned allegation in the petition; secondly, that since the act makes an insurer primarily liable and as proceedings thereunder follow the course of equity, to avoid circuity and multiplicity of

actions, the issue in question was properly before the court; and thirdly, that in any event Employers made itself a party to the case by cross-examining the petitioner. We find all three grounds of the contention without merit for the reasons hereinafter discussed. Fundamental differences as to parties, facts and issues make the cases of *Lambert's Case,* 325 Mass. 516, *Calabria* v. *Martin Dennis Co.,*—N.J.—, 63 A.2d 717, affirmed 4 N.J. Super. 528, 4 N.J. 64, 71 A.2d 550, and *Matter of Soukup* v. *Friedman Marble & Slate Works,* 255 App. Div. 249, cited to us by respondent, inapplicable in the instant case.

Upon consideration of the scope of the petition now before us, the travel of the case and the evidence at the trial in the superior court, it is clear that the only issue properly before that court was the liability of the employing corporation as the sole respondent. Under the petition as drawn and prosecuted petitioner's purpose in instituting these proceedings was to establish his right under the provisions of the act to recover compensation *directly from the employer.* For the attainment of that end it was immaterial to him who, as between the employer and its insurer or insurers, was ultimately chargeable with the payment of compensation for his incapacity. In such a situation it would be an unreasonable burden to impose upon him the necessity of foregoing the protection of the act until it was finally decided whether one or the other of respondent's insurers, who were not parties in the case, was ultimately chargeable with the payment of compensation.

Travelers derives no advantage from the hereinbefore-quoted statement in the petition. To construe it to mean that the petitioner thereby added unnamed parties to the case is an unreasonable extension of the ordinary meaning of the language of the petition as a whole. If any significance were to be given to the allegations as made it might more reasonably be interpreted as the expression of petitioner's reason for proceeding directly and solely against the employer.

Travelers further argues that since art. V, §2, of the act provides that jurisdiction of the employer shall be jurisdiction of the insurer, and as §3 of that article makes the insurer directly and primarily liable to the employer "it might be said that the insurer is always in Court when the employer is sued for compensation * * *." In this connection we call attention to that part of §5 of the same article, unmentioned by Travelers, which in so far as pertinent provides that, irrespective of any insurance contract, an employee claiming compensation shall have the right to recover "directly from the employer" and in addition thereto the right to enforce in his own name the liability of any insurer "by making the insurer a party to the original petition * * *." Since the petitioner here elected to proceed directly against the employer as the only party respondent in the case, Travelers derives no assistance from the act in its attempt to inject into the case the question of an insurer's liability.

The third ground upon which Travelers relies for its contention, namely, that because of the incident heretofore related Employers became a party to the case, is equally untenable. As the employing corporation was the only party respondent before the court it was immaterial to the petitioner who or how many attorneys represented it at the trial in the superior court. If more than one attorney appeared there in such capacity they, in so far as the petitioner was concerned, were merely associates representing but one respondent. As such, only one of them was entitled to cross-examine the petitioner or any of his witnesses under the rules of practice of that court. The ruling of the trial justice which permitted the attorney for Employers to ask "a few questions" of the petitioner was in effect nothing more than the exercise of discretion by the court in relaxation of the rule to a limited extent but that ruling did not add the insurers as parties to the case. When the action of the trial justice is so viewed we can readily understand his observation that he could

see no prejudice to the petitioner in granting Employers' request.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for petitioner.

*Boss & Conlan, John T. Keenan,* for respondent and The Travelers Insurance Company.