JAMES E. RISOR, APPELLEE, V. NEBRASKA BOILER, APPELLEE, AND TWIN CITY FIRE INSURANCE CO., APPELLANT.

744 N.W.2d 693

Filed January 25, 2008.    No. S-07-269.

Joseph W. Grant, of Hotz, Weaver, Flood, Breitkreutz & Grant, for appellant.

Brenda Spilker and Cynthia R. Lamm, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for appellee Nebraska Boiler.

Martin V. Linscott, of Linscott Law Office, for appellee James E. Risor.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Twin City Fire Insurance Co. (Twin City) appeals from the denial of its motion to intervene in a workers' compensation action while the appeal to the review panel of the underlying award is pending. Although the review panel recognized that, through error, Twin City had only recently been notified of the action, it concluded that it lacked authority to grant the motion to intervene.

## BACKGROUND

James E. Risor filed his petition in the Nebraska Workers' Compensation Court on January 20, 2004. Risor alleged bilateral hearing loss from exposure to a loud work environment at his employer, Nebraska Boiler. The accident date for the hearing loss was alleged to be on or about June 25, 2002. The petition also claimed various other injuries from work-related accidents in 2002 and 2003.

In the proceedings before the single judge of the compensation court, Fireman's Fund Insurance Company (Fireman's Fund) entered an appearance for Nebraska Boiler for the coverage period of September 1, 1992, through June 1, 2002. Another insurance company represented Nebraska Boiler for the period after June 2002. The evidence presented before the single judge demonstrated that Risor began experiencing hearing loss as early as 1988. Until his retirement, however, the only time that Risor missed any work due to the bilateral hearing loss was when he went to a doctor's appointment on October 19, 1993.

In its award entered on April 26, 2006, the single judge concluded that Risor was permanently and totally disabled as a result of the hearing loss arising out of and in the course of his employment with Nebraska Boiler. The accident date for the hearing loss was determined to be October 19, 1993. The single judge found that compensation for the other alleged injuries had already been paid. Payment for the total permanent disability was ordered to begin as of the date of Risor's retirement, February 12, 2004.

An adjuster for Fireman's Fund was sent notice of the award. This same adjuster had originally informed Fireman's Fund's attorney, who was hired to represent Nebraska Boiler, that Fireman's Fund provided workers' compensation coverage for Nebraska Boiler from September 1, 1992, through June 1, 2002. But when the adjuster was notified of the award setting the date of the hearing loss injury at October 19, 1993, she decided to investigate further into the dates of coverage.

Fireman's Fund provided coverage for Nebraska Boiler under a corporate account with the company Aqua Chem, in which any subsidiary companies acquired by Aqua Chem automatically became "additional named insureds." Nebraska Boiler was owned by Aqua Chem at the time Risor's claim was filed. The adjuster had apparently assumed that Nebraska Boiler was owned by Aqua Chem during the entire period of Aqua Chem's contract with Fireman's Fund. After the award, the adjuster discovered that, in fact, Aqua Chem did not acquire Nebraska Boiler until June 23, 1998. Accordingly, contrary to its representations to the single judge, Fireman's Fund was not Nebraska Boiler's workers' compensation insurer on the date of Risor's hearing loss injury.

The award had already been entered when Nebraska Boiler learned that Fireman's Fund was not its insurer on the date of Risor's injury. Nevertheless, Nebraska Boiler, "as its interests appear through June 1, 2002," filed a motion with the single judge seeking a continuation of the proceedings and allowing that "additional parties who may have an exposure to liability once a final determination has been made" be served and given an opportunity to present additional evidence to the court. Risor appealed the award to the review panel on May 9, 2006, on the ground that the single judge had failed to order compensation from the date of his injury, as opposed to the date of his retirement. On May 10, the single judge overruled Nebraska Boiler's motion, and Nebraska Boiler cross-appealed the underlying award to the review panel. Nebraska Boiler's cross-appeal asserted various errors with the award, including the absence of participation by the insurer for the time period of the accident. Risor's appeal and Nebraska Boiler's cross-appeal of the award

are still pending before the review panel and are not at issue in this appeal.

It was eventually discovered that Nebraska Boiler's insurer for the period of August 1, 1991, to August 1, 1998, was Twin City. Twin City insured Nebraska Boiler through a contract with its previous parent company, National Dynamics Corporation. Twin City was informed of Risor's claim on August 1, 2006. On October 25, 2006, Twin City filed with the review panel a motion for leave to intervene in Risor's pending review proceeding, which is the subject of the present appeal. The motion stated in part:

> 4. If allowed to intervene, [Twin City] will seek a reversal of the Award of April 26, 2006, and a remand for a new trial. If [Twin City] is not given an opportunity to intervene, fundamental principles of law will be violated, in that it will face significant exposure under the Nebraska Workers' Compensation Act, without having had the opportunity to even be heard on the issues herein.

> 5. [Twin City] respectfully notes that its insured has at all times been the only named Defendant herein, and that perhaps [Twin City] could simply have its counsel enter an appearance herein. However, as [Twin City] has not participated in this action to date in any way, this Motion is being filed to seek to have [Twin City's] right to participate in any further proceedings recognized.

The review panel denied Twin City's motion to intervene, noting that there was no statutory authority for such action and that the compensation court lacked equitable powers. Twin City appeals.

## ASSIGNMENT OF ERROR

Twin City asserts that the review panel erred as a matter of law in refusing to grant Twin City's request for leave to intervene.

## STANDARD OF REVIEW

Whether a party has the right to intervene in a proceeding is a question of law.[1] The determination of whether the

---

[1] *Merz v. Seeba*, 271 Neb. 117, 710 N.W.2d 91 (2006).

procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law.[2] An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law.[3]

## ANALYSIS

The only issue in this case is whether Twin City had a right to intervene in the appeal of the award to the review panel when Twin City had no notice of Risor's action prior to that time. For reasons that will be explained further below, we conclude that Twin City did not have a right to postaward intervention in Risor's workers' compensation action brought solely against his employer, Nebraska Boiler.

We have said that the employer's workers' compensation insurer is a proper party defendant in a workers' compensation action, but that it is not a necessary party to the action.[4] Both the Nebraska Workers' Compensation Act (the Act)[5] and the rules of the compensation court are silent on the issue of intervention. And, as Risor points out, the compensation court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute.[6]

Twin City, however, argues that the power to allow its intervention should be inferred from § 48-168(1) and the beneficent purposes of the Act.[7] Most often, § 48-168(1) is cited for the proposition that within the confines of the Due Process Clause, the compensation court has flexibility in the admission and

---

[2] *Newman v. Rehr*, 263 Neb. 111, 638 N.W.2d 863 (2002).

[3] *Foster v. BryanLGH Med. Ctr. East*, 272 Neb. 918, 725 N.W.2d 839 (2007).

[4] *Peek v. Ayers Auto Supply*, 157 Neb. 363, 59 N.W.2d 564 (1953).

[5] Neb. Rev. Stat. §§ 48-101 to 48-1,117 (Reissue 2004 & Cum. Supp. 2006).

[6] See *Anthony v. Pre-Fab Transit Co.*, 239 Neb. 404, 476 N.W.2d 559 (1991).

[7] See § 48-168(1).

consideration of evidence relating to the employee claim.[8] This is clearly the focus of § 48-168(1), which states in full:

> The Nebraska Workers' Compensation Court shall not be bound by the usual common-law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided, but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of the Nebraska Workers' Compensation Act.

Nevertheless, Twin City points out that the Act is generally to be given a liberal construction in order to carry out justly its beneficent purposes.[9] And thus, Twin City argues that § 48-168(1) should be construed to allow postaward intervention by an insurer despite the fact that no other provision specifically grants this power.

We are unconvinced that either § 48-168(1) or the Act's beneficent purposes, either alone or in conjunction with one another, authorize a postaward intervention of the insurer in this case. It is a general principle that intervention is not authorized after trial.[10] When posttrial intervention has been authorized in the district courts of Nebraska, it is in the exercise of the court's equity jurisdiction.[11] But no Nebraska statute grants equity jurisdiction to the compensation court.[12]

---

[8] See, e.g., *Olivotto v. DeMarco Bros. Co.*, 273 Neb. 672, 732 N.W.2d 354 (2007); *Veatch v. American Tool*, 267 Neb. 711, 676 N.W.2d 730 (2004); *Cunningham v. Leisure Inn*, 253 Neb. 741, 573 N.W.2d 412 (1998); *Sheridan v. Catering Mgmt., Inc.*, 252 Neb. 825, 566 N.W.2d 110 (1997); *Paulsen v. State*, 249 Neb. 112, 541 N.W.2d 636 (1996).

[9] See, *Soto v. State*, 269 Neb. 337, 693 N.W.2d 491 (2005); *Jackson v. Morris Communications Corp.*, 265 Neb. 423, 657 N.W.2d 634 (2003); *Foote v. O'Neill Packing*, 262 Neb. 467, 632 N.W.2d 313 (2001).

[10] See Neb. Rev. Stat. § 25-328 (Cum. Supp. 2006). See, also, e.g., *Diaz v. Attorney General of State of Tex.*, 827 S.W.2d 19 (Tex. App. 1992); *Jenkins v. Pullman Std. Car Mfg. Co.*, 128 Ind. App. 260, 147 N.E.2d 912 (1958).

[11] See, e.g., *State ex rel. City of Grand Island v. Tillman*, 174 Neb. 23, 115 N.W.2d 796 (1962). See, also, *Meister v. Meister, ante* p. 705, 742 N.W.2d 746 (2007).

[12] *Anthony v. Pre-Fab Transit Co., supra* note 6.

■ The beneficent purposes of the Act do not concern themselves with an insurer's interests in intervention. In fact, there is no provision in the Act that even requires notification of the workers' compensation insurer that an action against its insured is pending. The principal purpose of the Act is to provide an injured worker with prompt relief from the adverse economic effects caused by a work-related injury or occupational disease.[13] That purpose is not implicated by an insurer's intervention in a review proceeding.

Still, Twin City argues that it is this interest of the employee that is furthered by its intervention because, otherwise, a potential multiplicity of suits could delay recovery on an award. This same argument was rejected by the court in *Milner v. 250 Greenwood Ave. Corp.*[14] In *Milner*, the employee brought his workers' compensation action against his employer and did not implead the employer's insurer. The insurer then sought to be designated as a party on appeal, arguing that this would avoid circuity and multiplicity of actions. But the court explained that the employee had chosen not to make the insurer a party in order to avoid complicating and prolonging a judgment against his employer:

> [I]t is clear that the only issue properly before [the workers' compensation court] was the liability of the employing corporation as the sole respondent. Under the petition as drawn and prosecuted petitioner's purpose in instituting these proceedings was to establish his right under the provisions of the act to recover compensation *directly from the employer.* For the attainment of that end it was immaterial to him who, as between the employer and its insurer or insurers, was ultimately chargeable with the payment of compensation for his incapacity. In such a situation it would be an unreasonable burden to impose upon him the necessity of foregoing [sic] the protection of the act until it was finally decided whether one or the other of respondent's insurers, who were not parties

---

[13] See, *Soto v. State, supra* note 9; *Jackson v. Morris Communications Corp., supra* note 9.

[14] *Milner v. 250 Greenwood Ave. Corp.*, 78 R.I. 5, 78 A.2d 358 (1951).

in the case, was ultimately chargeable with the payment of compensation.[15]

We have said that proceedings under the Act are designed to furnish a special proceeding, summary and speedy in its nature, and for the particular purpose of compensating an injured employee.[16] While, under § 48-161, the compensation court *may* determine the existence of insurance, such jurisdiction is not exclusive.[17] We agree with the reasoning in *Milner* that joining an insurer and deciding coverage disputes may hinder rather than further the beneficent purposes of the Act. As such, we cannot interpret § 48-161 as authority for postaward intervention when the employee has chosen to bring a claim against the employer alone.

We next consider Twin City's argument that principles of procedural due process mandate its participation in the compensation proceedings. We have said that the concept of due process defies precise definition, but that it embodies and requires fundamental fairness.[18] Due process requires notice and an appropriate opportunity to be heard when a significant property interest has been shown.[19] The U.S. Supreme Court has stated, "It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard."[20]

Section 48-146(3) provides that each workers' compensation policy shall contain a clause providing that the insurer "shall in all things be bound by the awards, judgments, or decrees rendered against such insured." And we have explained that this section's intent is to bind insurers to judgments rendered against

---

[15] *Id.* at 10, 78 A.2d at 361 (emphasis in original).

[16] *Hull v. United States Fidelity & Guaranty Co.*, 102 Neb. 246, 166 N.W. 628 (1918).

[17] See *Schweitzer v. American Nat. Red Cross*, 256 Neb. 350, 591 N.W.2d 524 (1999).

[18] See *Zahl v. Zahl*, 273 Neb. 1043, 736 N.W.2d 365 (2007).

[19] *Newman v. Rehr, supra* note 2.

[20] *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979).

their insureds.[21] We thus agree that Twin City's interests may be affected by the proceedings against its insured, Nebraska Boiler. Nevertheless, we conclude that because Nebraska Boiler and Twin City are in privity with one another, due process does not compel Twin City's intervention in the review proceedings.

Privity requires, at a minimum, a substantial identity between the issues in controversy and a showing that the parties in the two actions are really and substantially in interest the same.[22] Absent a showing of fraud or collusion, courts in other jurisdictions have found insurers to be in privity with their insureds and bound by a judgment against the insured, regardless of whether the insurer was notified of the underlying action.[23] Thus, in *Harp v. Loux*,[24] the court rejected a defendant insurer's argument that due process demanded that a default judgment in a tort action against the defendant be set aside because the insurer was not notified of the action. The court explained:

> The difficulty with [the defendant insurer's] argument is that the insurer's legal interest in the action is wholly derivative of the defendant's . . . . It may be true that, in fact, the insurer's money and not the defendant's is on the table; however, the judgment runs against the defendant and not the insurer.[25]

---

[21] *Thomas v. Omega Re-Bar, Inc.*, 234 Neb. 449, 451 N.W.2d 396 (1990); *Collins v. Casualty Reciprocal Exchange*, 123 Neb. 227, 242 N.W. 457 (1932); *Home Indem. Co. v. King*, 34 Cal. 3d 803, 670 P.2d 340, 195 Cal. Rptr. 686 (1983); *Bernard v. Aetna Ins. Co.*, 150 So. 305 (La. App. 1933); *Power Co. v. General C. & S. Co.*, 252 Mich. 331, 233 N.W. 333 (1930); *Equitable Underwriters v. Industrial Com.*, 322 Ill. 462, 153 N.E. 685 (1926).

[22] *R.W. v. Schrein*, 263 Neb. 708, 642 N.W.2d 505 (2002).

[23] See, *Crist v. Hunan Palace, Inc.*, 277 Kan. 706, 89 P.3d 573 (2004); *Cincinnati Ins. Co. v. MacLeod*, 259 Ga. App. 761, 577 S.E.2d 799 (2003); *Liberty Mut. Ins. Co. v. Eades*, 248 Va. 285, 448 S.E.2d 631 (1994). Cf., *R.W. v. Schrein, supra* note 22; *Northern Sec. Ins. Co., Inc. v. Dolley*, 669 A.2d 1320 (Me. 1996).

[24] *Harp v. Loux*, 54 Or. App. 840, 636 P.2d 976 (1981).

[25] *Id.* at 848, 636 P.2d at 981 (emphasis omitted).

Moreover, the court explained, insurers normally include notice provisions in their contracts with the insureds, and it was "not readily apparent why a plaintiff injured by an insured should be required to protect the insurer from the consequences of the insured's failure to comply with the policy."[26] The court noted that the defendant could find "no case holding that an insurer that is not a party has a due process right to service or notice of an action in which its insured is a defendant."[27] Similar reasoning has been applied more specifically to due process claims of workers' compensation insurers—even when the insurer was required to maintain policy provisions like those set forth by § 48-146(3).[28]

In the case currently before us, Fireman's Fund believed, albeit incorrectly, that it was Nebraska Boiler's insurer during the period in which the court ultimately determined Risor was injured. Fireman's Fund, representing Nebraska Boiler, vigorously defended against Risor's claim. Twin City fails to make any argument that there was fraud or collusion against it. Rather, the evidence is that Nebraska Boiler's interests, represented by attorneys provided by Fireman's Fund, were substantially the same as Twin City's. As such, we do not find a violation of Twin City's right to procedural due process from the fact that Twin City was not notified of Risor's action against Nebraska Boiler and was not made a party to the proceedings before the review panel.

Whether indemnification or any other remedy is available to Twin City is not before us in this appeal. But Risor, who was under no obligation to join insurers in his action against Nebraska Boiler, should not now have to wait for the resolution of insurance policy and other disputes regarding coverage to establish his award for workers' compensation.

[26] *Id.* at 849, 636 P.2d at 981.

[27] *Id.* at 850, 636 P.2d at 982.

[28] See, *Lott-Edwards v. Americold Corp.*, 27 Kan. App. 2d 689, 6 P.3d 947 (2000); *Home Indem. Co. v. King, supra* note 21; *Fidelity & Casualty Co. v. Vantaggi*, 309 Mich. 633, 16 N.W.2d 101 (1944); *Bernard v. Aetna Ins. Co., supra* note 21; *Equitable Underwriters v. Industrial Com., supra* note 21.

To the extent that Twin City is complaining of a due process violation because the date of the injury found by the single judge was not a date alleged in Risor's pleadings, that issue is more properly the subject of an appeal on the merits. We are uncertain how that alleged deficiency is relevant to intervention. Moreover, we find that Twin City and Nebraska Boiler's interests in any controversy on this issue are substantially similar. Thus, this complaint likewise fails to call for Twin City's intervention in its own behalf. Twin City would be free to represent the interests of its insured, Nebraska Boiler, in the appeal of the award to the review panel, if it so chooses.

As a practical matter, an insurer is notified of the proceedings against an insured because the insured would have an interest in its insurer's providing representation in the insured's behalf, and because the failure to provide such notice would be a breach of its policy with the insurer. Thus, normally, the insurer's representatives participate in the workers' compensation action, even though the insurer may not be a party. And the date of the injury is usually not a surprise to the parties of the action, including, as alleged in this case, the employee himself. Thus, we recognize that the circumstances surrounding Twin City's request for intervention are unique. Nevertheless, there is no statutory or constitutional authority for allowing Twin City to intervene in a review proceeding. The review panel was correct in denying Twin City's motion to intervene.

## CONCLUSION

For the foregoing reasons, we affirm the judgment below.

AFFIRMED.