# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *QBE Insurance Co. v. Illinois Workers' Compensation Comm'n*,
### 2013 IL App (5th) 120336WC

---

| | |
|---|---|
| Appellate Court Caption | QBE INSURANCE COMPANY, Appellant, v. THE ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Ronald Voges and G & S Foundry, Appellees). |
| District & No. | Fifth District<br>Docket No. 5-12-0336WC |
| Filed | July 12, 2013 |
| Rehearing denied | August 13, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings on a workers' compensation claim, the order of the Workers' Compensation Commission granting the request of the employer's insurer to be added as a "named party" in the case after the entry of an award under section 19(b) of the Workers' Compensation Act was vacated, the insurer's appeal from the trial court's confirmation of the Commission's decision awarding benefits to the injured employee was dismissed for lack of jurisdiction, and the cause was remanded to the Commission, since neither case law nor the statute allows an insurer to intervene after a section 19(b) award where the insurer was not a party to the proceedings and the employee brought the claim against the employer alone. |
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, No. 11-MR-293; the Hon. Stephen P. McGlynn, Judge, presiding. |
| Judgment | Appeal dismissed and cause remanded. |

Counsel on Appeal

Ian M. White, of Ganan & Shapiro, P.C., of Peoria, for appellant.

Daniel K. Juncker, of Belleville, for appellee Ronald Voges.

Michael R. Baggot, of Ripes, Nelson, Baggot & Kalobratsos, P.C., of Hoffman Estates, for appellee G&S Foundry.

Panel

JUSTICE HARRIS delivered the judgment of the court, with opinion.

Presiding Justice Holdridge and Justices Hoffman, Hudson, and Stewart concurred in the judgment and opinion.

## OPINION

¶ 1 QBE Insurance Company (QBE) appeals from an order of the circuit court of St. Clair County which confirmed a decision of the Illinois Workers' Compensation Commission (Commission), ordering the employer, G&S Foundry, to pay claimant, Ronald Voges, benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 to 30 (West 2008)), for repetitive trauma injuries he suffered to his hands, elbows, and upper extremities while employed by the employer. For the reasons which follow, we dismiss QBE's appeal for lack of jurisdiction.

¶ 2                                   I. BACKGROUND

¶ 3 On January 28, 2010, claimant filed an application for adjustment of claim pursuant to the Act, seeking benefits from the employer for repetitive trauma injuries suffered to his hands, elbows, and upper extremities on May 12, 2009, later amended to October 14, 2010. Claimant named only himself and the employer as parties in the application.

¶ 4 Following a hearing held pursuant to section 19(b) of the Act (820 ILCS 305/19(b) (West 2008)), an arbitrator found claimant's current condition of ill-being causally related to his work injury on October 14, 2010. The arbitrator ordered the employer to compensate claimant for (1) medical expenses and (2) medical treatment, including surgical intervention for severe bilateral carpal and cubital tunnel syndrome.

¶ 5 The arbitrator filed its decision with the Commission on February 11, 2011, and the Commission mailed a copy of the arbitrator's decision to claimant's attorney and the employer's attorney. See 820 ILCS 305/19(b) (West 2008).

¶ 6 On March 17, 2011, QBE filed a petition for review of the arbitrator's decision before the Commission, stating in part: "QBE as respondent requests the Commission to review the arbitration decision for this case, filed on 2/11/11 and received on 2/22/11." Claimant had

not named QBE as a respondent in his application for adjustment of claim, and QBE had not participated in the hearing before the arbitrator.

¶ 7    On March 23, 2011, the employer filed a petition for review of the arbitrator's decision before the Commission.

¶ 8    On April 29, 2011, QBE filed a motion with the Commission requesting that QBE be added as a "named party" in the instant workers' compensation case. QBE stated in support of its motion that when claimant amended his application "at the time of trial," to allege an accident date of October 14, 2010, "it brought the claim *** into the policy coverage dates of QBE." QBE did not receive notice of the claim "until after the 19(b) hearing took place and the proofs were closed." QBE sought to be added as a named party "to defend against the award made to [claimant]" and considered it "a conflict of interest to enter [its] appearance in conjunction with the [employer]."

¶ 9    On July 26, 2011, QBE filed a second motion with the Commission, again requesting that QBE be added as a "named party" in the instant workers' compensation case. The motion was identical to the motion filed by QBE on April 29, 2011, except for the addition of a single paragraph quoting section 4(g) of the Act. Section 4(g) states:

> "In the event the employer does not pay the compensation for which he or she is liable, then an insurance company *** which may have insured such employer against such liability shall become primarily liable to pay to the employee *** the compensation required by the provisions of this Act to be paid by such employer. The insurance carrier may be made a party to the proceedings in which the employer is a party and an award may be entered jointly against the employer and the insurance carrier." 820 ILCS 305/4(g) (West 2008).

¶ 10    On August 8, 2011, a commissioner granted QBE's motion, noting claimant's objection.

¶ 11    The employer filed its statement of exceptions to the arbitrator's decision on July 15, 2011, and on July 20, 2011, QBE filed its statement of exceptions to the arbitrator's decision. On October 26, 2011, the Commission affirmed and adopted the arbitrator's decision ordering the employer to compensate claimant for (1) medical expenses and (2) medical treatment, including surgical intervention for severe bilateral carpal and cubital tunnel syndrome.

¶ 12    On November 17, 2011, QBE filed a notice of the commencement of proceedings for review in the circuit court of St. Clair County, naming QBE as plaintiff and the Commission, claimant, and the employer as defendants.

¶ 13    On January 11, 2012, counsel for employer entered his appearance, and on April 9, 2012, employer filed a memorandum in support of circuit court review, arguing the Commission's finding that claimant proved his injuries arose out of and in the course of his employment with the employer was against the manifest weight of the evidence. Also on April 9, 2012, QBE filed its brief and argument in opposition to the Commission's decision. On review, the circuit court confirmed the Commission's decision, and on August 3, 2012, QBE filed its notice of appeal. The employer did not appeal the circuit court's ruling.

¶ 14                                    II. ANALYSIS

¶ 15      Though it was not raised by the parties, we have a duty to consider our jurisdiction over an appeal and dismiss it if jurisdiction is lacking. *St. Elizabeth's Hospital v. Workers' Compensation Comm'n*, 371 Ill. App. 3d 882, 883, 864 N.E.2d 266, 268 (2007).

¶ 16      Following the arbitrator's award of benefits to claimant, QBE filed two motions with the Commission requesting that QBE be added as a party in the instant workers' compensation case. QBE stated in support of its motions that when claimant amended his application "at the time of trial," to allege an accident date of October 14, 2010, "it brought the claim *** into the policy coverage dates of QBE." QBE did not receive notice of the claim "until after the 19(b) hearing took place and the proofs were closed." QBE sought to be added as a named party "to defend against the award made to [claimant]" and considered it "a conflict of interest to enter [its] appearance in conjunction with the [employer]." In its second motion, QBE quoted section 4(g) of the Act. A commissioner granted QBE's motion, noting claimant's objection.

¶ 17      An administrative agency is a creature of statute and has no general or common law powers. *Textile Maintenance v. Industrial Comm'n*, 263 Ill. App. 3d 866, 869, 636 N.E.2d 748, 750 (1994). Any authority claimed by the agency must arise from the express language of the statute or be incident to the authority conferred by the legislature. *Textile Maintenance*, 263 Ill. App. 3d at 869, 636 N.E.2d at 750.

¶ 18      The actions of an administrative agency for which there is no statutory authority are void and subject to attack at any time. *Daniels v. Industrial Comm'n*, 201 Ill. 2d 160, 166, 775 N.E.2d 936, 940 (2002). Even in cases such as this where the parties have not raised the issue, the court has an independent duty to vacate and expunge void orders of the Commission and may raise the issue *sua sponte*. *Daniels*, 201 Ill. 2d at 166, 775 N.E.2d at 940.

¶ 19      In *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 462, 564 N.E.2d 1222, 1225 (1990), the Supreme Court of Illinois explained:

> "The Workers' Compensation Act is designed to provide financial protection to workers for accidental injuries arising out of and in the course of employment. (See *Pathfinder Co. v. Industrial Comm'n* (1976), 62 Ill. 2d 556[, 343 N.E.2d 913].) Accordingly, the Act imposes liability without fault upon the employer and, in return, prohibits common law suits by employees against the employer. The exclusive remedy provision 'is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts.' (2A A. Larson, Law of Workmen's Compensation § 65.11 (1988).)"

See 820 ILCS 305/5(a) (West 2008) (other than compensation provided under the Act, no common law or statutory right is available to recover damages from the employer for injury to or death of an employee while engaged in the line of duty as employee). When the Act applies, whether by statutory definition or election of the employer, the measure of the employer's responsibility is the compensation and other provisions of the Act. 820 ILCS 305/11 (West 2008).

¶ 20 The purposes of the Act do not concern themselves with an insurer's interests in intervention. In fact, there is no provision in the Act that even requires notice to an insurance carrier of a workers' compensation action against its insured. The purpose of the Act is to compensate claimants as early as possible for income lost due to job-related injuries. *R.D. Masonry, Inc. v. Industrial Comm'n*, 215 Ill. 2d 397, 408, 830 N.E.2d 584, 592 (2005). That purpose is not implicated by an insurer's intervention in a review proceeding.

¶ 21 In this case, claimant did not name the insurer as a party. It is clear that the only issue properly before the Commission was the employer's liability as the sole respondent. Claimant filed his application for adjustment of claim to establish his rights under the provisions of the Act to recover compensation directly from the employer. For the attainment of that end, it was immaterial to claimant who, as between the employer and its insurer, was ultimately chargeable with the payment of compensation for his injuries.

¶ 22 We recognize section 4(g) of the Act, which provides:

"In the event the employer does not pay the compensation for which he or she is liable, then an insurance company *** which may have insured such employer against such liability shall become primarily liable to pay to the employee *** the compensation required by the provisions of this Act to be paid by such employer. The insurance carrier may be made a party to the proceedings in which the employer is a party and an award may be entered jointly against the employer and the insurance carrier." 820 ILCS 305/4(g) (West 2008).

The plain language of the statute provides that if the employer does not pay the compensation for which it is liable, then an insurance company which may have insured such employer against such liability shall become primarily liable to pay the employee. The statute provides a claimant the right to proceed directly against the insurer in the event the employer does not pay the award. "The proceeding should be brought before the *** Commission, and it is contemplated by this section that a proceeding has already been brought against the employer insured and his liability established and that the employer has refused or does not pay the compensation for which he is held liable." *Equitable Casualty Underwriters v. Industrial Comm'n*, 322 Ill. 462, 468, 153 N.E. 685, 687 (1926). The Act does not mandate that the insurance carrier be made a party to the proceedings. The statute merely provides that the insurance carrier "may be made a party to the proceedings" in the event the employer does not pay the award.

¶ 23 We note further that Illinois courts have held that in the context of an employee's suit against a third-party tortfeasor, either an employer or a workers' compensation insurer may intervene in an employee's suit in order to protect its lien interest in the employee's recovery. See *Malatesta v. Mitsubishi Aircraft International, Inc.*, 275 Ill. App. 3d 370, 374, 655 N.E.2d 1093, 1096 (1995) ("Illinois courts have held that either an employer or a workers' compensation insurer may intervene in an employee's suit against a third-party tortfeasor in order to protect its lien interest in the employee's recovery."). However, the circumstances present in the instant case are not those suggested either by section 4(g) of the Act or for purposes of protecting a lien.

¶ 24 Here, claimant filed an application for adjustment of claim pursuant to the Act, seeking

benefits from the employer for repetitive trauma injuries. Claimant named only himself and the employer as parties in the application. Claimant did not name QBE as a party in the application, and QBE did not participate in the hearing before the arbitrator. Following the hearing held pursuant to section 19(b) of the Act (820 ILCS 305/19(b) (West 2008)), the arbitrator found claimant's current condition of ill-being causally related to his work injury and ordered the employer to compensate claimant for (1) medical expenses and (2) medical treatment, including surgical intervention for severe bilateral carpal and cubital tunnel syndrome. QBE then filed a petition for review of the arbitrator's decision before the Commission and, later, a motion requesting that QBE be added as a party in the instant workers' compensation case, citing section 4(g) of the Act. As we stated above, the circumstances present in the instant case are not those suggested by section 4(g) of the Act. We have found neither a provision in the Act nor any Illinois case which provides for intervention following a section 19(b) award by an insurer who was not a party to the proceedings and where the claimant chose to bring his claim against the employer alone. Thus, we vacate the Commission's order granting QBE's motion to add QBE as a named party and dismiss this appeal for lack of jurisdiction.

¶ 25                                    III. CONCLUSION

¶ 26        For the reasons set forth above, we dismiss QBE's appeal and remand to the Commission for further proceedings in accordance with this decision.

¶ 27        Appeal dismissed and cause remanded.