2020 IL App (4th) 190548WC-U

No. 4-19-0548WC

Order filed

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

WORKERS' COMPENSATION COMMISSION DIVISION

| | | |
|---|---|---|
| CARLINVILLE UNITED SCHOOL DISTRICT NO. 1, | ) | Appeal from the |
| | ) | Circuit Court of |
| Appellant, | ) | Macoupin County |
| | ) | No. 18MR172 |
| v. | ) | |
| | ) | |
| THE ILLINOIS WORKERS' COMPENSATION | ) | |
| COMMISSION *et al.* | ) | Honorable |
| | ) | Kenneth R. Deihl, |
| (Janet Kroeschel, Appellee.) | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Holdridge and Justices Hoffman, Hudson, and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held:*  If, in an action for administrative review, the circuit court makes a finding that a decision by the Illinois Workers' Compensation Commission is against the manifest weight of the evidence but the court specifies no disposition, the action remains pending, and the finding is interlocutory and modifiable by the court.

¶ 2         Petitioner, Janet Kroeschel, applied for workers' compensation benefits from

respondent, Carlinville United School District No. 1. The Illinois Workers' Compensation Commission (Commission) denied her application. She sought administrative review in the Macoupin County circuit court, which found the Commission's decision to be against the manifest weight of the evidence. In response to this finding by the court, the Commission issued a second decision, this one awarding workers' compensation benefits to petitioner. Respondent then sought administrative review. The court confirmed the Commission's second decision. Respondent appeals.

¶ 3        We hold that because the initial administrative review case lacks a disposition and, hence, remains pending, the subsequent decision by the Commission and the administrative review of that decision were statutorily unauthorized. Therefore, we vacate the Commission's second decision as well as the circuit court's judgment confirming the Commission's second decision.

¶ 4                                    I. BACKGROUND

¶ 5        On April 3, 2017, the Commission found that petitioner had failed to prove she sustained accidental injuries arising out of and in the course of her employment. Therefore, the Commission denied her claim for workers' compensation benefits.

¶ 6        Petitioner sought administrative review. On December 8, 2017, in Macoupin County case No. 17-MR-36, the circuit court made the following docket entry: "Ruling—The Commission decision is AGAINST the manifest weight of the evidence. Clerk to forward docket entry to attorneys of record."

¶ 7        Petitioner appealed the docket entry of December 8, 2017. Respondent moved to dismiss the appeal, arguing that an order reversing an award and remanding the case to the Commission was interlocutory and not appealable. Attached to respondent's motion was a

printout from the Commission representing that on December 8, 2017, the circuit court remanded the case to the Commission—although the court's docket entry of that date contains no mention of a reversal or remand. In any event, we agreed with respondent that we lacked subject-matter jurisdiction over the appeal, and accordingly, on January 24, 2018, we dismissed the appeal.

¶ 8        On November 30, 2018, in case No. 18-WC-0726, the Commission issued its second decision, this time granting petitioner's claim. The Commission awarded her $31,556.50 in medical benefits, 10% loss of use of the right hand, 10% loss of use of the left hand, 10% loss of use of the right arm, and 10% loss of use of the left arm.

¶ 9        Respondent sought review of the Commission's second decision. On August 5, 2019, in Macoupin County case No. 18-MR-172, the circuit court confirmed the Commission's second decision.

¶ 10        This appeal followed.

¶ 11                              II. ANALYSIS

¶ 12        The only judicial document the parties have provided us from the first administrative review action, Macoupin County case No. 17-MR-36, is the docket entry of December 8, 2017. That docket entry neither confirms nor sets aside the Commission's first decision but merely finds the decision to be against the manifest weight of the evidence.

¶ 13        That the Commission's first decision contradicts the manifest weight of the evidence is, as we said, a finding by the circuit court, and we express no opinion about that finding. But we wish to point out the distinction between a finding and a disposition based on the finding. There is a difference between a finding by the circuit court, *e.g.*, that the Commission's decision is against the manifest weight of the evidence, and what the circuit court decides to do about the finding. Findings should result in a stated disposition.

- 3 -

¶ 14    Section 19(f)(2) of the Workers' Compensation Act gives circuit courts a choice between the following dispositions:

> "The court may confirm or set aside the decision of the Commission. If the decision is set aside and the facts found in the proceedings before the Commission are sufficient, the court may enter such decision as is justified by law, or may remand the cause to the Commission for further proceedings and may state the questions requiring further hearing, and give such other instructions as may be proper." 820 ILCS 305/19(f)(2) (West 2016).

Thus, the circuit court may (1) confirm the Commission's decision; (2) set aside the Commission's decision and, if the record is factually sufficient, enter a decision that is legally justified; or (3) set aside the Commission's decision and remand the case to the Commission for further proceedings—with directions to the Commission, if necessary. *Id.*

As far as we can see, the circuit court did none of those things in Macoupin County case No. 17-MR-36. The docket entry of December 8, 2017, contains no disposition. It appears, therefore, that Macoupin County case No. 17-MR-36 is still pending. The manifest-weight finding in the docket entry of December 8, 2017, is interlocutory, and to this day, in the absence of a disposition (see *id.*), the circuit court remains free to rescind that finding and to make the opposite finding.

¶ 15    The Commission assumed that on December 8, 2017, the circuit court remanded the case to the Commission. But we see no judicial order to that effect. We are unaware of any statute that, absent a setting aside and remand by the circuit court, would authorize the Commission to change its final decision denying workers' compensation benefits into a final decision awarding such benefits. See *Cassens Transport Co. v. Industrial Comm'n*, 218 Ill. 2d

519, 525-26 (2006).

¶ 16 Any action the Commission takes outside its statutory authority is void, a nullity from its inception. *Daniels v. Industrial Comm'n*, 201 Ill. 2d 160, 165 (2002). Courts have an independent duty to vacate void orders. *Id.*; see also *QBE Insurance Co. v. Illinois Workers' Compensation Comm'n*, 2013 IL App (5th) 120336WC, ¶ 18.

¶ 17                                        III. CONCLUSION

¶ 18 Therefore, we vacate (1) the Commission's second decision, issued on November 30, 2018, in case No. 18-WC-0726; and (2) the circuit court's judgment in Macoupin County case No. 18-MR-172. The first administrative review action, Macoupin County case No. 17-MR-36, remains pending—it awaits a disposition pursuant to section 19(f)(2) of the Workers' Compensation Act (820 ILCS 305/19(f)(2) (West 2016)), the relevant provision of which is quoted above. We remand with directions to enter a disposition in Macoupin County case No. 17-MR-36.

¶ 19 Commission's decision in case No. 18-WC-0726 vacated.
Judgment in Macoupin County case No. 18-MR-172 vacated.
Cause remanded.