MICHAEL WARBURTON, APPELLANT AND CROSS-APPELLEE, V.
M & D CONSTRUCTION CO., APPELLEE AND CROSS-APPELLANT.

498 N.W.2d 611

Filed February 2, 1993.    No. A-92-223.

Hal W. Anderson, of Berry, Anderson, Creager & Wittstruck, for appellant.

John R. Hoffert, of Knudsen, Berkheimer, Richardson & Endacott, for appellee.

SIEVERS, Chief Judge, and CONNOLLY and WRIGHT, Judges.

WRIGHT, Judge.

Michael Warburton appeals the decision of the Workers' Compensation Court which found that he was not a fit and proper candidate for vocational rehabilitation because his cooperation in previous rehabilitation efforts had been less than satisfactory.

Warburton appeals the court's refusal to award further vocational rehabilitation benefits, and M & D Construction Co. cross-appeals the court's failure to reduce or otherwise limit Warburton's compensation for loss of earning capacity because

of his failure to cooperate in his vocational rehabilitation.

## STANDARD OF REVIEW

A decision by the Workers' Compensation Court after rehearing has the same force and effect as a jury verdict, and findings of fact will not be set aside on appeal unless, after reviewing the record in the light most favorable to the successful party, an appellate court determines that those findings are clearly erroneous. *Foreman v. State*, 240 Neb. 716, 483 N.W.2d 752 (1992).

## FACTS

Warburton was employed by M & D as a bricklayer when he was involved in an accident arising out of and in the course of his employment. He was earning $11 per hour for a 40-hour week. After the accident, surgery on his back resulted in limitations on his physical activities, including no repetitious bending and lifting and no lifting in excess of 25 pounds.

Warburton was awarded vocational rehabilitation, and Immanuel Medical Center administered achievement tests, literacy tests, work sample studies, and interest assessments. Rehabilitation counselors retained by M & D's insurer assisted Warburton for more than a year. The Nebraska Division of Rehabilitation Services worked in conjunction with private rehabilitation consultants to assist Warburton, who decided to pursue employment in the neon sign business. A tour of a neon sign company was arranged, a labor market survey was conducted, and training facilities were identified and investigated. Warburton's treating physician was consulted, and he advised that Warburton was capable of handling the physical demands of the training and the job.

A specific training program was developed and approved. The compensation insurance carrier agreed to pay temporary total disability as well as the tuition of $4,000. Warburton's expert witness admitted that the vocational rehabilitation plan was good for Warburton.

The training program was located in Wisconsin, and soon after Warburton's enrollment, he attempted to withdraw so that he could work in a neon sign business with his roommate. This idea was rejected by Warburton's vocational rehabilitation

advisors, and he was re-enrolled in school. Subsequently, Warburton had an altercation with two instructors, and he called his Nebraska vocational rehabilitation counselor because he feared he was going to be kicked out of school. His cooperation and study habits worsened, with the result being that the school sent a letter to Warburton's vocational rehabilitation counselor, advising him that Warburton's attitude and work habits were such that "going any further would not be in our best interest or the State of Nebraska Rehab." The president of the school stated that Warburton had become the worst student he had ever tried to train in his 10 years of teaching. Warburton's attitude was also affecting the other students.

Warburton's program of study was terminated. After leaving the training in Wisconsin, Warburton returned to McCook, Nebraska, and completed no additional training. He has had no employment since January 1991 other than his work as a bartender in McCook.

The Workers' Compensation Court three-judge panel awarded Warburton benefits of $245 per week for $59^3/_7$ weeks of temporary total disability and $132 per week for $240^4/_7$ weeks for a 45-percent permanent loss of earning power, less credit to M & D of $24,402.05. The court found that Warburton was not a fit and proper candidate for vocational rehabilitation because his cooperation in previous rehabilitation efforts had been less than satisfactory and declined to award further vocational rehabilitation benefits.

## ANALYSIS

The findings of fact by the Workers' Compensation Court have the same force and effect as a jury verdict in a civil case and will not be set aside on appeal where there is sufficient evidence to support them. *Luehring v. Tibbs Constr. Co.*, 235 Neb. 883, 457 N.W.2d 815 (1990). Factual determinations made by the Workers' Compensation Court will not be set aside on appeal unless those determinations are clearly erroneous. *Foreman v. State*, 240 Neb. 716, 483 N.W.2d 752 (1992).

Warburton contends that the evidence is insufficient to support the Workers' Compensation Court's denial of further

vocational rehabilitation benefits. In testing the sufficiency of evidence to support findings of fact made by the Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. *Hernandez v. Hawkins Constr. Co.*, 240 Neb. 129, 480 N.W.2d 424 (1992). For Warburton to succeed in this appeal, the three-judge panel's finding that he was not entitled to further vocational rehabilitation benefits must be clearly erroneous.

Warburton argues that because the previous plan did not specifically require his cooperation, further rehabilitation benefits could not be denied if his cooperation in the plan was unsatisfactory. He cites *Paris v. J. A. Baldwin Mfg. Co.*, 216 Neb. 151, 342 N.W.2d 198 (1984). In *Paris*, the award was subject to the condition that if the plaintiff did not cooperate in a reasonable plan, the court could reduce or suspend the compensation payable to the plaintiff. *Paris* did not establish a rule that cooperation must be specifically required in the plan of rehabilitation before the court may sanction an employee's noncooperation with the rehabilitation plan.

An obvious requirement of a plan of vocational rehabilitation is that the injured party cooperate with the program. Mere physical presence in a program does not necessarily establish cooperation or participation in the plan. Cooperation is essential in a plan of vocational rehabilitation, as evidenced by Neb. Rev. Stat. § 48-162.01 (Reissue 1988), which gives the court the authority to suspend, reduce, or limit compensation otherwise payable under the Nebraska Workers' Compensation Act if the injured employee, without reasonable cause, refuses to undertake the rehabilitation, training, or educational program. The facts clearly support the finding of the court that Warburton did not cooperate with the plan for his rehabilitation. The findings of fact by the Workers' Compensation Court will not be set aside on appeal unless an appellate court determines the findings to be clearly erroneous. *Foreman v. State, supra*.

Whether Warburton is entitled to further rehabilitation benefits is a question of fact. See *Pollock v. Monfort of Colorado*, 221 Neb. 859, 381 N.W.2d 154 (1986). In making such a determination, we find that an employee's past

performance in a program of vocational rehabilitation may be considered by the Workers' Compensation Court in determining whether to award further benefits. One of the requirements for awarding vocational rehabilitation is that there is a reasonable probability that with appropriate training, rehabilitation, or education a person entitled to compensation may be rehabilitated to the extent that he can become gainfully employed or can increase his earning capacity. § 48-162.01. Common sense tells us that past performance in a rehabilitation program can be used as a basis for such an evaluation.

We find no merit in Warburton's argument, and the decision of the three-judge panel of the Workers' Compensation Court is affirmed.

## CROSS-APPEAL

We now address the cross-appeal of M & D. M & D contends the Workers' Compensation Court erred in failing to reduce or limit the compensation payable to Warburton because of his failure to cooperate in his own vocational rehabilitation.

Section 48-162.01(6) provides that the Workers' Compensation Court may suspend, reduce, or limit compensation if a worker refuses to be rehabilitated. The Workers' Compensation Court is not required to take that action, and we find no error in the court's failing to reduce the amount of the disability benefits payable to Warburton. The cross-appeal is dismissed.

AFFIRMED.