ITT HARTFORD, APPELLEE, V. ISIDRO RODRIGUEZ, APPELLANT.

543 N.W.2d 740

Filed February 23, 1996. No. S-95-547.

James E. Harris, of Harris, Feldman, Stumpf Law Offices, for appellant.

Joseph E. Andres and Terrence J. Salerno for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CAPORALE, J.

The applicant-appellant garnishor, Isidro Rodriguez, sought the district court's determination of the liability in garnishment on an award entered in his favor by the Nebraska Workers' Compensation Court against the respondent-appellee garnishee, ITT Hartford. Determining that it lacked subject matter jurisdiction, the district court released Hartford from the operation of the summons in garnishment, thereby effectively dismissing Rodriguez' petition. Claiming error in the district court's ruling, Rodriguez then appealed to the Nebraska Court

of Appeals. On our own motion we, in order to regulate the caseloads of the two courts, removed the matter to our docket. We now reverse, and remand with directions.

When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the decisions made by the lower courts. *Payne v. Nebraska Dept. of Corr. Servs., ante* p. 150, 542 N.W.2d 694 (1996).

The compensation court awarded Rodriguez benefits because of injuries he sustained in an accident arising out of and in the course of his employment. As part of the compensation award, Hartford was ordered to pay Rodriguez

> the sum of $244.04 per week from and including November 10, 1992 to . . . January 25, 1994, for temporary total disability compensation and thereafter and in addition thereto, the sum of $244.04 per week for so long in the future as [Rodriguez] shall remain temporarily totally disabled as a result of said accident. If [Rodriguez'] temporary total disability ceases, he shall be entitled to the statutory amounts of compensation for any permanent disability resulting from this accident and injury.

Rodriguez' treating physician later wrote Hartford that Rodriguez had reached maximum medical improvement. Shortly thereafter, Hartford stopped paying temporary total disability benefits to Rodriguez and commenced paying him permanent partial disability benefits.

Rodriguez then transcribed the award to the district court under the provisions of Neb. Rev. Stat. § 48–188 (Reissue 1993), which reads:

> Any order, award, or judgment . . . for compensation pursuant to the Nebraska Workers' Compensation Act may . . . be filed with the district court of any county or counties in the State of Nebraska upon the payment of a fee . . . . Upon filing, such order, award, or judgment shall have the same force and effect as a judgment of such district court or courts and all proceedings in relation thereto shall thereafter be the same as though the order, award, or judgment had been rendered in a suit duly heard and determined by such district court or courts.

He next instituted this proceeding to recover the temporary total disability benefits he alleged were due and owing under the foregoing award.

In concluding that it lacked subject matter jurisdiction, the district court relied on Neb. Rev. Stat. § 48-161 (Reissue 1993), which provides in pertinent part: "All disputed claims for workers' compensation shall be submitted to the [compensation court] for a finding, award, order, or judgment. Such compensation court shall have jurisdiction to decide any issue ancillary to the resolution of an employee's right to workers' compensation benefits . . . ." Thus, the district court reasoned that the statute lodged exclusive jurisdiction to determine such amount in the compensation court, and as a result, the district court lacked subject matter jurisdiction to decide Rodriguez' garnishment action.

However, the issue presented by this proceeding is not whether Rodriguez had attained maximum medical improvement so as to be ineligible for further temporary total disability payments, but whether Hartford as the garnishee was "(1) indebted to [Rodriguez], or (2) had any property or credits of [Rodriguez], in [its] possession or under [its] control at the time of being served with the notice of garnishment . . . ." Neb. Rev. Stat. § 25-1030.02 (Reissue 1989).

Nonetheless, Hartford contends that there was no debt owing, as the award upon which the garnishment is based contains unmet conditions precedent to the receipt of temporary total disability benefits. Notwithstanding that there is nothing in the record which indicates that Hartford sought or obtained a modification of the compensation court award, Hartford appears to be of the view that because Rodriguez' treating physician wrote that Rodriguez had attained maximum medical improvement, he was no longer entitled to temporary total disability benefits, and there was thus no debt to enforce.

But the fact is that at the time of Rodriguez' garnishment action, there was an award by the compensation court commanding Hartford to pay Rodriguez $244.04 per week until he was no longer temporarily totally disabled. As a general matter, whether a claimant has attained maximum medical improvement is a question of fact. *Foreman v. State*, 240 Neb.

716, 483 N.W.2d 752 (1992). Thus, absent the agreement of the parties, whether Rodriguez had attained maximum medical improvement so as to no longer be eligible for temporary total disability benefits was an issue to be decided by the compensation court, not independently by a physician or Hartford.

The proper procedure is set forth in Neb. Rev. Stat. § 48-141 (Reissue 1993):

> [T]he amount of any agreement or award payable periodically may be modified as follows: (1) At any time by agreement of the parties with the approval of the Nebraska Workers' Compensation Court; or (2) if the parties cannot agree, then at any time after six months from the date of the agreement or award, an application may be made by either party on the ground of increase or decrease of incapacity due solely to the injury . . . .

Because Rodriguez' award had not been modified at the time it was filed with the district court, the award of the compensation court was still in full force and effect as originally entered.

The garnishment statutes furnish a judgment creditor a means through which to satisfy a judgment, not a means through which to modify the underlying judgment. See *NC + Hybrids v. Growers Seed Assn.*, 228 Neb. 306, 422 N.W.2d 542 (1988). In short, because a garnishment proceeding to enforce an award of the compensation court is separate and distinct from the underlying workers' compensation case, it is not encompassed by § 48-161.

Accordingly, the district court erred in concluding it lacked subject matter jurisdiction to enforce the compensation court's award; its judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.