ROBERT LOWE, APPELLEE, V. DRIVERS
MANAGEMENT, INC., APPELLANT.
743 N.W.2d 82

Filed December 21, 2007.     No. S-07-428.

Daniel R. Fridrich, of Werner Enterprises, Inc., for appellant.

Timothy S. Dowd, of Dowd, Howard & Corrigan, L.L.C., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
In 2004, appellee Robert Lowe received a workers' compensation award that included permanent partial disability and vocational rehabilitation benefits as a result of an injury he sustained while employed by appellant Drivers Management, Inc. (DMI). The present appeal involves an application filed by Lowe in 2005 to modify that initial award. Following a hearing, the trial judge of the Nebraska Workers' Compensation Court sustained Lowe's application. The trial judge determined that Lowe was permanently and totally disabled and awarded Lowe permanent total disability benefits. However, pursuant to Neb. Rev. Stat. § 48-162.01(7) (Cum. Supp. 2006), the judge ordered that Lowe's disability benefits be reduced for a period of time prior to the modification proceedings due to Lowe's failure to participate in vocational rehabilitation services.

Both DMI and Lowe appealed to the Nebraska Workers' Compensation Court three-judge review panel. The review panel affirmed that part of the trial judge's order that determined Lowe was entitled to permanent total disability benefits but reversed that portion of the order that had reduced Lowe's benefits for failing to participate in vocational rehabilitation services. DMI appeals. Because there was competent evidence to support the reduction, we reverse that portion of the review panel's order that reversed the trial judge's order reducing Lowe's workers' compensation benefits pursuant to § 48-162.01(7). In all other respects, the review panel's order is affirmed.

## STATEMENT OF FACTS

In 2001, Lowe sustained an injury arising out of and in the course of his employment with DMI. The injury resulted in neck and radicular arm pain. Lowe filed a petition with the Nebraska Workers' Compensation Court. In an order filed February 11, 2004, he was awarded workers' compensation disability benefits (the initial award). The initial award provided that Lowe receive permanent partial disability benefits based upon a 70-percent loss of earning capacity. The court also approved a vocational rehabilitation plan calling for job placement services. Specifically, the court determined that a vocational rehabilitation plan had "been approved by a vocational rehabilitation specialist, and so [Lowe] should participate in this plan."

It is undisputed that Lowe failed to participate in the plan. The record reflects that the vocational rehabilitation counselor who was to assist Lowe with job placement services "left several [telephone] messages for [Lowe] and sent him a letter dated 3/12/04 asking him to contact [her] but [she] never heard back from him." After the counselor failed to receive a response from Lowe, she "submitted a case closure report form to the Nebraska Workers' Compensation Court dated 4/20/04 with the status of 'Closed Not Working—Not Interested in VR Services.'"

In July 2004, as a result of "gradually increasing pain in his neck, left shoulder, and left arm," Lowe began treating with Dr. Gerard H. Dericks. On October 4, 2005, Lowe filed an application to modify the initial award, claiming that he was totally disabled. On April 14, 2006, a modification hearing was held before a trial judge of the workers' compensation court on Lowe's application. A total of 66 exhibits were received into evidence, including Dericks' medical reports and deposition. Lowe appeared and testified during the hearing.

On August 22, 2006, the trial judge entered his "Further Award." The judge found that Lowe had failed to participate in court-ordered vocational rehabilitation services and that he did not have reasonable cause for failing to participate in those services during a period immediately after those services had been awarded. As a result, pursuant to § 48-162.01(7), the judge ordered a partial reduction in the amount of the disability

benefits awarded to Lowe prior to the modification proceedings. In his further award, the trial judge also determined that there had been a material and substantial change in Lowe's condition, necessitating a reassessment of Lowe's loss of earning capacity. The judge determined that Lowe was permanently and totally disabled and awarded Lowe disability benefits based upon his permanent and total disability. With respect to Lowe's failure to participate in vocational rehabilitation, the judge did not reduce compensation for Lowe's permanent and total disability going forward, stating "there is reasonable cause not to participate [in vocational rehabilitation] because [Lowe] is totally disabled." For the sake of completeness, we are aware of certain internal inconsistencies in the reasoning of the trial judge's opinion, but the existence of these matters is not relevant to the resolution of the legal issues presented in this appeal.

DMI filed for review of the trial judge's further award before the workers' compensation review panel. Lowe also filed for review of that portion of the trial judge's further award that reduced his benefits for failure to participate in the vocational rehabilitation plan. A hearing was held before the review panel on February 6, 2007, and on March 16, the review panel entered its "Order of Affirmance in Part on Review and Reversal in Part on Review." The review panel determined that the trial judge was not clearly wrong when he found that Lowe was permanently and totally disabled, and therefore, it affirmed that portion of the trial judge's further award. However, the review panel determined that the trial judge erred in reducing Lowe's workers' compensation benefits pursuant to § 48-162.01(7), and it reversed that part of the trial judge's further award. DMI appeals.

## ASSIGNMENTS OF ERROR

On appeal, DMI assigns numerous errors that can be restated as two. DMI claims that the Workers' Compensation Court review panel erred (1) in reversing that portion of the trial judge's further award that reduced the amount of disability benefits owed to Lowe due to his failure to participate in vocational rehabilitation services immediately after those services had been awarded and (2) in affirming the trial judge's further

award that modified Lowe's initial award and that determined Lowe was permanently totally disabled.

## STANDARDS OF REVIEW

■ Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 2004), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Olivotto v. DeMarco Bros. Co.*, 273 Neb. 672, 732 N.W.2d 354 (2007).

■ In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the trial judge who conducted the original hearing. *Id.* On appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id.* An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Sheldon-Zimbelman v. Bryan Memorial Hosp.*, 258 Neb. 568, 604 N.W.2d 396 (2000).

## ANALYSIS

As its first assignment of error, DMI claims that the review panel erred when it reversed that portion of the trial judge's further award that had reduced the amount of disability benefits owed to Lowe due to his failure to participate in vocational rehabilitation. The statute at issue with respect to this claim is § 48-162.01(7), which currently provides, in pertinent part, as follows:

> If the injured employee without reasonable cause refuses to undertake or fails to cooperate with a physical, medical, or vocational rehabilitation program determined by the compensation court or judge thereof to be suitable for him or her . . . the compensation court or judge thereof may suspend, reduce, or limit the compensation otherwise payable under the Nebraska Workers' Compensation Act.

DMI asserts that this statute establishes a two-part test to determine whether benefits should be suspended, reduced, or limited. First, the employee must either refuse to undertake or fail to cooperate with a court-ordered physical, medical, or vocational rehabilitation program. Second, the employee's refusal must be without reasonable cause.

We agree with DMI's assertion that § 48-162.01(7) establishes a two-part test. We further note that it has been held that both parts of this two-part test present factual questions to be determined by the trial judge based upon the evidence. See *Warburton v. M & D Construction Co.*, 1 Neb. App. 498, 498 N.W.2d 611 (1993).

In his decision, the trial judge found that Lowe did not participate in the job placement services he was ordered to participate in under the initial award, a fact that neither party disputes. Further, as we read his order, the trial judge found that during the period from the initial award up to the modification proceedings, Lowe's failure to participate in vocational rehabilitation was without reasonable cause. The record contains evidence supporting this finding of fact. Specifically, the record contains evidence to the effect that immediately following the entry of the February 11, 2004, initial award, Lowe failed to respond to the vocational rehabilitation counselor's efforts to contact him with regard to these services, thereby causing her to submit a case closure report form dated April 20, 2004, to the Nebraska Workers' Compensation Court with the status of "Closed Not Working—Not Interested in VR Services." Thus, the record indicates that Lowe took no steps to participate in vocational rehabilitation despite an award and efforts to provide services.

In determining whether to affirm, modify, reverse, or set aside a judgment of the workers' compensation court review panel, a higher appellate court reviews the findings of the trial judge who conducted the hearing. *Olivotto v. DeMarco Bros. Co.*, 273 Neb. 672, 732 N.W.2d 354 (2007). Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id.* The record contains evidence supporting the trial judge's findings of fact to the effect that

Lowe refused to cooperate in vocational rehabilitation without reasonable cause during the time period immediately after the initial award. As a result, the trial judge was not clearly wrong when he ordered a reduction in Lowe's disability benefits for the period of time prior to the modification proceedings and the review panel erred in reversing this portion of the trial judge's further award.

For its second assignment of error, DMI claims that the review panel erred in affirming the trial judge's further award that modified Lowe's initial award and that awarded Lowe permanent total disability benefits. In this regard, DMI argues that the medical evidence does not support an award of permanent total disability benefits and that even if such status is now warranted, because of Lowe's failure to avail himself of vocational rehabilitation services, his situation worsened and Lowe's benefits should be reduced.

The modification of an earlier workers' compensation award is governed by Neb. Rev. Stat. § 48-141 (Reissue 2004), which provides, inter alia, that "at any time after six months from the date of the . . . award, an application [for modification] may be made by either party on the ground of increase or decrease of incapacity due solely to the injury." We have previously stated that to obtain a modification of a prior award, "[t]he applicant must prove there exists a material and substantial change for the better or worse in the condition—a change in circumstances that justifies a modification, distinct and different from the condition for which the adjudication had previously been made." *Hagelstein v. Swift-Eckrich*, 261 Neb. 305, 308, 622 N.W.2d 663, 667 (2001).

In support of its assignment of error objecting to the award of permanent total disability benefits, DMI argues that the trial judge erred in relying upon the medical reports and opinions of Dericks because Dericks had not treated Lowe prior to July 2004. Instead, DMI argues that the trial judge should have accepted the opinions of DMI's expert who examined Lowe prior to the initial award and also prior to the modification hearing.

We have previously stated that when the record in a workers' compensation case presents conflicting medical testimony, an appellate court will not substitute its judgment for

that of the compensation court. *Worline v. ABB/Alstom Power Int. CE Servs.*, 272 Neb. 797, 725 N.W.2d 148 (2006). The trial judge is entitled to accept the opinion of one expert over another. *Id.*

The record from the modification hearing contains evidence that beginning sometime in July 2004, Lowe began treating with Dericks for "gradually increasing pain in his neck, left shoulder, and left arm." Dericks' medical report dated October 19, 2005, indicates that an MRI of Lowe's cervical spine was performed in September 2004, and when he compared it to an MRI conducted in 2001, prior to the initial award, Dericks determined that "it was quite obvious that there was substantially increased posterior herniation of disk material behind the body of C6. That is to say, it appears that the disk has progressed causing further deformation of the spinal canal behind the vertebral body of the C6." Moreover, the record contains a medical questionnaire dated December 23, 2005, in which Dericks answered "Yes" when effectively asked whether Lowe's physical condition noted by Dericks in his October 19 report was "due solely to the injury he sustained as the result of his work accident while employed with" DMI.

In this case, it is apparent that the trial judge found Dericks' opinion to be credible and persuasive. Because we do not substitute our judgment regarding the credibility of expert witnesses for that of the compensation court, see *Worline v. ABB/Alstom Power Int. CE Servs., supra*, the issue before us is whether Dericks' opinion supports the trial judge's determination that there had been a material and substantial change for the worse in Lowe's condition. It was within the trial judge's authority to credit Dericks' opinion, and the opinion supports the award. Given our standard of review and the evidence in the record, we cannot say that the review panel erred in affirming the trial judge's further award modifying Lowe's initial award due to a material and substantial change for the worse in Lowe's condition and finding Lowe to be permanently and totally disabled.

Notwithstanding evidence that Lowe was permanently and totally disabled, DMI argues in its brief that under the job placement plan approved by the Workers' Compensation Court

in the initial award, there were jobs available to Lowe, and thus "had [Lowe] participated in the plan [he] would have found a job. Had [Lowe] been working at the time of [the modification hearing], it would have been difficult for [Lowe] to argue he was totally disabled." Brief for appellant at 34. At the modification hearing, DMI offered no evidence to support its assertion on appeal that participation in vocational rehabilitation services would have forestalled or prevented Lowe from becoming permanently and totally disabled and that Lowe's failure to participate in vocational rehabilitation was unreasonable as it bore on the issue of permanent and total disability. Rather than referring to evidence in support of its assertion, DMI relies on argument and the provisions of § 48-162.01(7). DMI claims that going forward, the review panel should have reduced Lowe's permanent total disability benefits otherwise payable due to his failure to participate in the court-ordered vocational rehabilitation services during the period between the initial award and the modification proceedings.

. We have not previously determined which party bears the burden of proof to establish the two-part test set forth under § 48-162.01(7). However, we have discussed such burden under another provision in the Nebraska Workers' Compensation Act, Neb. Rev. Stat. § 48-120(2)(c) (Supp. 2007), which provision contains language similar to § 48-162.01(7). Section 48-120(2)(c) currently provides that if an injured employee "unreasonably refuses or neglects to avail himself or herself of medical or surgical treatment furnished by the employer . . . the compensation court or judge thereof may suspend, reduce, or limit the compensation otherwise payable under the Nebraska Workers' Compensation Act." When considering this language, we have stated that "[t]he unreasonableness of the refusal of an injured employee to permit an operation to be performed is a question of fact to be determined by the evidence, and the burden of proof . . . is upon the employer." *Simmerman v. Felthauser*, 125 Neb. 795, 798, 251 N.W. 831, 833 (1934).

The language used in § 48-120(2)(c) is comparable to the language used in § 48-162.01(7) now under consideration. Thus, it logically follows that under the provisions of § 48-162.01(7), the employer bears the burden of proof to

demonstrate that an injured employee has refused to undertake or failed to cooperate with a physical, medical, or vocational rehabilitation program and that such refusal or failure is without reasonable cause such that the compensation court or judge may properly rely on such evidence to suspend, reduce, or limit the compensation otherwise payable under the Nebraska Workers' Compensation Act.

We have reviewed the record to determine whether DMI has carried its burden of proof. DMI has not directed us to evidence, and we have not located evidence in the record that supports DMI's arguments urging a reduction of benefits for the period after the modification proceedings. The record from the modification hearing contains a "Revised Loss of Earning Power Analysis," dated January 9, 2006, and prepared by a vocational rehabilitation counselor mutually agreed to by Lowe and DMI. In that report, the counselor stated that based upon Dericks' medical reports, "Lowe is not capable of obtaining a job on a full-time or a part-time basis" and that as a result, Lowe had "sustained a loss of earning power of 100% as the result of his February, 2001 work injury." It appears the trial judge relied upon this evidence when, in his consideration of Lowe's claim of permanent and total disability, he stated "there is reasonable cause not to participate [in vocational rehabilitation] because [Lowe] is totally disabled." The record supports this determination.

Earlier in this opinion, we have agreed with DMI and the trial judge that the evidence showed that Lowe lacked reasonable cause for his failure to participate in vocational rehabilitation immediately after the initial award, and we have approved of a reduction of benefits therefore. However, with respect to the period commencing with these modification proceedings, without evidence, this court "will not speculate as to what might" have ensued relative to Lowe's permanent and total disability claim had Lowe participated in the court-approved vocational rehabilitation plan. See *Simmerman v. Felthauser*, 125 Neb. at 800, 251 N.W. at 833. As to the later timeframe, DMI failed to demonstrate that Lowe refused to participate in vocational rehabilitation without reasonable cause and that had he participated in the court-ordered job placement services, he would

have been employed at the time of the modification hearing. The employer did not offer evidence upon which a trial judge should "suspend, reduce, or limit the compensation otherwise payable." § 48-162.01(7). The trial judge did not err, and the review panel did not err in affirming the trial judge's award of permanent total disability benefits. We find no merit to DMI's second assignment of error challenging the award of permanent total disability benefits.

We have considered DMI's remaining arguments made in connection with his assignments of error, and we conclude they are without merit.

## CONCLUSION

For the reasons discussed, we conclude that the Workers' Compensation Court review panel erred when it reversed the trial judge's finding that Lowe, without reasonable cause, refused to participate in court-ordered vocational rehabilitation services immediately after those services had been awarded. In all other respects, the review panel's order is affirmed. Accordingly, we reverse that portion of the review panel's order that reversed the trial judge's further award that reduced Lowe's workers' compensation benefits for a period of time pursuant to § 48-162.01(7) and remand the cause to the review panel with directions to affirm the further award entered by the trial judge in its entirety.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.