746 N.W.2d 698 (2008)
275 Neb. 407
Maria CRUZ-MORALES, Appellee,
v.
SWIFT BEEF COMPANY, Appellant.
No. S-07-812.
Supreme Court of Nebraska.
April 4, 2008.
*700 Jenny L. Panko, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., Lincoln, for appellant.
Lee S. Loudon and Ami M. Huff, of Law Office of Lee S. Loudon, P.C., L.L.O., Lincoln, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
CONNOLLY, J.
Following an injury at work, Maria Cruz-Morales filed an action against her employer, Swift Beef Company (Swift Beef). Swift Beef failed to answer, and Cruz-Morales moved for a default judgment. After a trial judge of the Nebraska Workers' Compensation Court entered a default judgment and award, Swift Beef moved:o vacate the default judgment. Swift Beef argued that the Workers' Compensation Court lacked statutory authority to enter default judgments and, in the alternative, that Swift Beef did not receive proper notice of the default judgment motion or hearing. The trial judge overruled Swift Beef's motion, and Swift Beef appealed to the Workers' Compensation Court's review panel. The review panel affirmed the default judgment and award.
This appeal presents the question whether the Workers' Compensation Court has statutory authority to enter default judgments and, if so, whether Swift Beef *701 was entitled to notice of the default judgment motion and hearing. We reverse, and remand. We conclude that the compensation court has authority to enter a default judgment when a party fails to answer or appear. But the defaulting party must be given notice of the motion for default judgment under Workers' Comp. Ct. R. of Proc. 3 (2006).

BACKGROUND
In September 2006, Cruz-Morales filed a petition against Swift Beef in the Workers' Compensation Court. The petition alleged that she injured her back in a slip-and-fall accident while working for Swift Beef in September 2005. In November 2006, Cruz-Morales moved for default judgment because Swift Beef had not filed an answer. Attached to the motion was an affidavit stating the Workers' Compensation Court had issued summons to Swift Beef and its registered agent. The affidavit also stated that the court had received signed returned receipts from Swift Beef and the agent.
The trial judge held a hearing on Cruz-Morales' motion for default judgment. Swift Beef did not appear. Cruz-Morales testified. She offered, and the trial judge received, 13 exhibits. These exhibits included medical records and a list of weekly earnings. In addition, the record reflects a loss of earning capacity analysis by David Utley, a court-appointed vocational rehabilitation counselor, and a loss of earning capacity rebuttal report by Gayle Hope, Cruz-Morales' expert. Utley opined that Cruz-Morales sustained a loss of earning capacity of about 15 percent. Hope concluded that Cruz-Morales had sustained a 69-percent loss of earning capacity.
On December 8, 2006, Swift Beef moved to stay entry of the order on Cruz-Morales' default judgment motion. The motion to stay alleged that Swift Beef did not attend the default judgment hearing because it had not received notice of the motion or the hearing. According to Swift Beef's motion to stay, Swift Beef learned of the default judgment motion on December 8. The motion to stay requested that the trial judge stay entry of an order to allow Swift Beef the opportunity to assess and defend its interests in the matter.
That same day, however, the trial judge entered a default judgment and award against Swift Beef. The judge decided Cruz-Morales was entitled to, among other things, future medical care and vocational rehabilitation. She also determined that Utley's opinion as to Cruz-Morales' loss of earning capacity had been rebutted by Hope. The judge adopted Hope's opinion that Cruz-Morales had suffered a 69-percent loss of earning capacity.
Following entry of the court's order, Swift Beef moved for an order (1) correcting a patent error in the default judgment and award under Neb.Rev.Stat. § 48-180 (Reissue 2004) or, in the alternative, (2) vacating the default judgment order. As the basis for both motions, Swift Beef argued that the compensation court lacked statutory authority to enter a default judgment upon a party's failure to file an answer. Swift Beef also argued in the alternative that the default judgment was improper because Swift Beef was not properly served with notice of the default judgment motion or hearing. In support of the second argument, Swift Beef explained that Cruz-Morales' motion and notice of hearing was served on the following: Swift Beef Company, P.O. Box 540010, Omaha, NE XXXXX-XXXX. Swift Beef presented evidence showing this address was the mailing address for Sedgwick Claims Management Services (Sedgwick). Sedgwick was the third-party administrator for Swift Beef's workers' *702 compensation claims through July 31, 2006. Sedgwick, however, was no longer Swift Beef's third-party administrator when Cruz-Morales sent the notice of the default judgment motion to that address. Swift Beef also presented evidence that the proper post office box for Swift Beef claims, when Sedgwick was still Swift Beef's third-party administrator, was P.O. Box 540040. And P.O. Box 540010 was the address for claims involving ConAgra Beef Company, not Swift Beef. Although Swift Beef claimed it did not receive proper notice of the default judgment motion, the parties agreed that Swift Beef was properly served with the petition.
In a December 15, 2006, order, the trial judge overruled Swift Beef's motions. The judge concluded that "Rule 5 of the Nebraska Rules of Pleading calls into question [Swift Beef's] entitlement to notice of default when it has failed to answer." The judge further determined there was no patent and obvious error in her order granting default judgment, so Swift Beef's motion under § 48-180 was improper. Finally, the judge determined she had authority to consider and rule on motions for default judgment. The judge reasoned that Neb.Rev.Stat. § 48-162.03 (Reissue 2004) grants the compensation court general authority to hear and decide motions. But the judge concluded the compensation court did not have statutory authority to stay or vacate a default judgment.
Swift Beef appealed both the December 8 and 15, 2006, orders to the court's review panel. Swift Beef argued that the trial judge erred in granting the default judgment and in denying Swift Beef's motions to stay, to correct a patent error under § 48-180, and to vacate. To support these alleged errors, Swift Beef argued that the judge lacked authority to enter default judgments and that, in the alternative, Swift Beef was not provided proper notice of the default judgment motion. Swift Beef also claimed that the judge erred in finding Utley's opinion had been rebutted and in awarding Cruz-Morales a 69-percent loss of earning power. Finally, Swift Beef argued the judge erred in awarding Cruz-Morales payment of medical bills, future medical treatment, and vocational rehabilitation.
The review panel consolidated and reduced the errors Swift Beef had alleged to three: The trial judge erred in (1) entering a default judgment against Swift Beef, (2) denying Swift Beef's various motions to negate the default judgment, and (3) awarding benefits to Cruz-Morales. The review panel first determined that the trial judge had authority to enter the default judgment under § 48-162.03. The review panel also decided that the trial judge was correct n concluding she lacked authority to rule on a motion to vacate. The review panel rejected Swift Beef's argument that it was entitled to notice of the default judgment motion and hearing. Finally, the review panel concluded that the trial judge did not err in awarding a 69-percent loss of earning capacity, in awarding vocational rehabilitation benefits, or in awarding future medical benefits. The review panel affirmed the trial judge's orders.

ASSIGNMENTS OF ERROR
Swift Beef assigns, restated and consolidated, that the review panel erred in (1) deciding that the Workers' Compensation Court has authority to enter a default judgment, (2) deciding the trial judge did not have authority to vacate a default judgment, (3) deciding Swift Beef was not entitled to notice of the default judgment motion and hearing, and (4) affirming the trial judge's award of a 69-percent loss of earning capacity, vocational rehabilitation benefits, and future medical care.

*703 STANDARD OF REVIEW
An appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.[1]
An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law.[2]

ANALYSIS

THE WORKERS' COMPENSATION COURT HAS AUTHORITY TO ENTER DEFAULT JUDGMENTS
As a statutorily created court, the Workers' Compensation Court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute.[3] Swift Beef contends that there is no provision in the Nebraska Workers' Compensation Act granting the compensation court authority to enter a default judgment. Swift Beef argues that the "Workers' Compensation Act does not speak to default judgments anywhere."[4] Cruz-Morales contends that § 48-162.03 gives the court the authority to grant default judgments.
Section 48-162.03(1) provides in relevant part:
The Nebraska Workers' Compensation Court or any judge thereof may rule upon any motion addressed to the court by any party to a suit or proceeding, including, but not limited to, motions for summary judgment or other motions for judgment on the pleadings but not including motions for new trial or motions for reconsideration.
From the plain language of § 48-162.03(1), the Workers' Compensation Court has authority to rule on motions for default judgment. The statute gives the court authority to rule upon "any motion"[5] except motions for new trial or motions for reconsideration. A motion for default judgment is not a motion for new trial or a motion for reconsideration.
In deciding the compensation court had authority to enter default judgments, the review panel did not rely on the "any motion" language in § 48-162.03(1). Instead, the panel concluded that Cruz-Morales' motion for default judgment was a motion for judgment on the pleadings. But Swift Beef argues, and Cruz-Morales agrees in her brief, that the motion for default judgment was not a motion for judgment on the pleadings. Swift Beef further argues that even if the motion for default judgment is equivalent to a motion for summary judgment, it would not have been proper for the court to grant summary judgment because genuine issues of fact remained. We need not reach the issue of whether a motion for default judgment is a motion for judgment on the pleadings or a motion for summary judgment. The court's authority under § 48-162.03(1) is not limited to such motions. Instead, the statute's language grants the court broad authority to rule on any motion *704 except motions for new trial and motions for reconsideration. Therefore, we conclude that the Workers' Compensation Court has statutory authority to enter default judgments.

SWIFT BEEF WAS ENTITLED TO NOTICE OF THE MOTION FOR DEFAULT JUDGMENT AND HEARING
Having decided that the Workers' Compensation Court does have authority to enter default judgments, we next determine whether the review panel erred in affirming the trial judge's entry of default judgment. Swift Beef argues that the entry of default judgment was improper because Swift Beef did not receive notice of the default judgment motion. Although Cruz-Morales served notice of the motion and hearing, the notice was sent to the wrong address. Swift Beef does not argue that it did not receive notice of the original petition, just that it did not receive notice of the default judgment motion.
Swift Beef argued before the review panel that rule 3 of the Nebraska Workers' Compensation Court Rules of Procedure required notice of the default judgment motion. Rule 3B provides: "Every pleading subsequent to the petition, every written motion, every document relating to discovery or disclosure, and every written notice, appearance, designation of record on appeal, and similar document shall be served upon each of the parties by the initiating party." At the time of the default judgment and award, rule 3B(3) further provided: "Notice of hearing shall be mailed or personally delivered to opposing counsel or party, if unrepresented, three full days prior to hearing."
The review panel determined that rule 3 must yield to Neb. Ct. R. of Pldg. in Civ. Actions 5 (rev.2003). The first sentence of rule 5(a) is similar to rule 3. It states:
Except as otherwise provided in these rules or by statute, every order required by its terms to be served, every pleading subsequent to the original complaint . . . every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties.
But rule 5(a) has an additional sentence that applies when a party is in default for failure to appear: "No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of a summons." This additional clause in rule 5(a) establishes that a party in default for failure to appear is not entitled to notice when the plaintiff moves for default judgment. Our common law similarly provides that a party who is served with summons and a copy of the complaint and fails to answer or make an appearance is not entitled to further notice of a hearing.[6] Rule 3 does not mention parties in default. The review panel recognized the conflict between rule 5 of the Nebraska Rules of Pleading in Civil Actions and the Workers' Compensation Court rule 3. The review panel explained, "[Rule 3] mandates the need to serve the defaulting party with notice of the request for the entry of a default judgment while [rule 5] does not."
In deciding rule 5 applied instead of rule 3, the review panel first reasoned that rule 5 applies to all civil actions except when "a conflict arise[s] with statutes otherwise applicable to a given matter." The *705 review panel was apparently referring to Neb. Ct. R. of Pldg. in Civil Actions 1 (rev.2004). That rule provides, "These Rules govern pleading in civil actions . . . to the extent not inconsistent with statutes governing such matters." The review panel "[found] no specific statute that would support a credible argument that the procedural rule of the Nebraska Workers' Compensation Court ought to supersede or supplant Rule 5 as adopted by the Nebraska Supreme Court." We disagree. Neb. Rev.Stat. § 48-168 (Cum.Supp.2006) provides:
The Nebraska Workers' Compensation Court shall not be bound . . . by any technical or formal rules of procedure, other than as herein provided, but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of the Nebraska Workers' Compensation Act.
Under Neb.Rev.Stat. § 48-163 (Cum.Supp. 2006), the compensation court "may adopt and promulgate all reasonable rules and regulations necessary for carrying out the intent and purpose of the Nebraska Workers' Compensation Act." Contrary to the review panel's conclusion, §§ 48-163 and 48-168 show that the Nebraska Workers' Compensation Court Rules of Procedure, including rule 3, can supersede or supplant the Nebraska Rules of Pleading in Civil Actions, including rule 5.
In rejecting rule 3, the review panel also relied on Phillips v. Monroe Auto Equip. Co.[7] There, we held that the compensation court does not have authority to establish procedural rules that are more restrictive than rules applicable to the state trial courts. In Phillips, we concluded that the compensation court acted without or in excess of its powers when it excluded expert witness testimony under a Nebraska Workers' Compensation Court rule. We recognized that § 48-163 gives the compensation court authority to "`adopt and promulgate all reasonable rules and regulations necessary for carrying out the intent and purpose of the Nebraska Workers' Compensation Act.'"[8] We explained that the purpose of § 48-163 is to "allow the compensation court to `make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the sprit of the Nebraska Workers' Compensation Act.'"[9] We held, however, that the "procedural, evidenciary, and discovery rules established by the compensation court may not be more restrictive or onerous than those of the trial courts in this state."[10]
Under Phillips, rule 3 would be valid and would apply here, entitling Swift Beef to notice of the default judgment motion and hearing, unless rule 3 is "more restrictive or onerous" than rule 5 or our common law. The review panel opined that "Rule 3 places a burden upon a moving party that is more restrictive or onerous than those that govern the movant in the trial courts in Nebraska." The panel reasoned that rule 3 required the moving party to give notice of a hearing on a motion for default judgment although a similar movant in state trial court would not be required to give such notice. Of course, Swift Beef views restrictiveness from a different perspective. Swift Beef contends that rule 5 is the more restrictive *706 rule because it restricts the situations in which a party is entitled to notice.
In deciding which of these perspectives is more appropriate, we consider the rationale underlying our holding in Phillips. The trial court in Phillips had excluded expert testimony under Workers' Comp. Ct. R. of Proc. R. 4D (1994). When Phillips was decided, that rule provided that an expert witness would not be allowed to testify if a written report from the expert witness had not been timely disclosed. On appeal, we explained that the sanction in rule 4 did not provide adequate procedural safeguards equal to those used in the state trial courts. We stated that the state civil courts would not use a sanction prohibiting a party from introducing otherwise admissible evidence unless all parties had received notice of the possible sanction and were given an opportunity to be heard. But rule 4 did not require a similar procedure before the compensation court could impose the sanction.
In Phillips, we held that "at a minimum, the parties litigating before a compensation court are permitted to introduce evidence which is procedurally and substantively admissible in the trial courts of this state."[11] We also concluded that "substantive sanctions regarding discovery and other pretrial procedural matters in the compensation court should be subject to at least the same procedural safeguards as comparable sanctions for alleged discovery and pretrial procedural violations in Nebraska's civil courts."[12] Although Phillips specifically involved discovery rules and the admissibility of evidence, the underlying rationale of our holding is plain: At a minimum, the Workers' Compensation Court's rules should provide the procedural protections that apply in the trial courts of this state. Therefore, when deciding whether a Workers' Compensation Court rule is "more restrictive or onerous," we will consider whether the rule restricts the procedural safeguards offered in the state's trial courts.
Rule 5 and our common law address when a party is entitled to notice. And under these rules, a party in default for failure to answer is not entitled to notice of a motion for default judgment. Rule 3 does not restrict the procedural safeguards offered under rule 5 and our common law. Instead, rule 3 expands the protections in those rules and requires that even a defaulting party should receive notice. Therefore, rule 3 is not more restrictive or onerous than the rules of this state's trial courts, and rule 3 is the applicable rule in this case.
Applying rule 3, Swift Beef was entitled to notice of Cruz-Morales' motion for default judgment. Because Swift Beef did not receive notice of the motion and hearing, we must reverse, and remand. We do not reach Swift Beef's remaining assignments of error because an appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it.[13]

CONCLUSION
We conclude that under § 48-162.03(1), the Workers' Compensation Court has authority to enter default judgments, but the defaulting party must receive notice of the motion for default judgment under Workers' Compensation Court rule 3. Swift Beef did not receive notice of Cruz-Morales' motion because she sent *707 notice to the wrong address. Therefore, the compensation court "acted without or in excess of its powers" when entering and affirming the default judgment.[14] We reverse the review panel's judgment and remand the cause to that court for further remand to the trial judge for proceedings consistent with this opinion with directions to vacate the default judgment and award.
REVERSED AND REMANDED.
NOTES
[1] See Lowe v. Drivers Mgmt., Inc., 274 Neb. 732, 743 N.W.2d 82 (2007).
[2] Id.
[3] Zach v. Nebraska State Patrol, 273 Neb. 1, 727 N.W.2d 206 (2007).
[4] Brief for appellant at 12.
[5] § 48-162.03(1) (emphasis supplied).
[6] See State on Behalf of A.E. v. Buckhalter, 273 Neb. 443, 730 N.W.2d 340 (2007).
[7] Phillips v. Monroe Auto Equip. Co., 251 Neb. 585, 558 N.W.2d 799 (1997).
[8] Id. at 590, 558 N.W.2d at 803.
[9] Id. at 595, 558 N.W.2d at 806.
[10] Id. at 596, 558 N.W.2d at 806.
[11] Phillips, supra note 7, 251 Neb. at 596, 558 N.W.2d at 806.
[12] Id. at 597, 558 N.W.2d at 807.
[13] See Belle Terrace v. State, 274 Neb. 612, 742 N.W.2d 237 (2007).
[14] See. Neb.Rev.Stat. § 48-185 (Reissue 2004); Phillips, supra note 7.