778 N.W.2d 515 (2010)
18 Neb. App. 228
Scott A. DAUGHERTY, appellee,
v.
COUNTY OF DOUGLAS, appellant.
No. A-09-290.
Court of Appeals of Nebraska.
January 12, 2010.
*517 Donald W. Kleine, Douglas County Attorney, and Bernard J. Monbouquette for appellant.
Matthew A. Lathrop and Kate E. Placzek for appellee.
IRWIN, SIEVERS, and CARLSON, Judges.
IRWIN, Judge.

I. INTRODUCTION
This case involves the modification of Scott A. Daugherty's workers' compensation benefits. The County of Douglas (the County) filed an application for modification, requesting that a single judge of the workers' compensation court modify Daugherty's benefits both retroactively and prospectively. The trial court granted the County's request to modify Daugherty's benefits prospectively; however, the trial court modified the award retroactive only to the time that the County filed its application to modify. The trial court also awarded Daugherty a 50-percent waiting-time penalty and attorney fees, because the County had discontinued paying Daugherty his workers' compensation benefits without a court-approved or courtordered modification. The County appealed the trial court's decision to a three-judge review panel of the Nebraska Workers' Compensation Court. The review panel affirmed the decision of the trial court. The County now appeals to this court.
On appeal, the County alleges that the trial court erred in determining that a modification of the original award was required for the periods of time when Daugherty had returned to full-time employment, in modifying the award retroactive only to the time of the filing of the application to modify, in failing to credit the County for wages it paid to Daugherty, and in awarding Daugherty a 50-percent waiting-time penalty. We affirm the trial court's decision that a modification of the original award was required for periods of time when Daugherty had returned to work. We also affirm the portions of the trial court's order finding that modification of the award could be retroactive only to the time of the filing of the application to modify and finding that the County could not be given credit for the wages it paid to Daugherty. However, we reverse that portion of the trial court's order awarding Daugherty a 50-percent waiting-time penalty.

II. BACKGROUND
On May 1, 2002, Daugherty was employed as a deputy sheriff for the County. On that date, Daugherty suffered a compensable injury while on the job, the details of which are not pertinent to this appeal. On December 17, 2004, the compensation court entered an award for Daugherty. The relevant portions of that award for this appeal are as follows:

*518 At the time of said accident and injury, the plaintiff was receiving an average weekly wage of $889.20 being sufficient to entitle him to benefits of $528.00 from March 26, 2003 through the date of hearing and for so long thereafter as [Daugherty] shall remain temporarily totally disabled.
In February 2005, Daugherty's doctor informed the County that Daugherty had reached maximum medical improvement and was able to return to work with no restrictions. Daugherty returned to work on February 8. On that date, the County stopped paying Daugherty workers' compensation benefits and began to pay him his regular wages.
On December 5, 2005, Daugherty had surgery as a result of his work-related injury. Daugherty was unable to work from December 5, 2005, into January 2006. As a result of Daugherty's inability to work, the County resumed payment of his workers' compensation benefits. After Daugherty returned to work on January 14, 2006, the County again stopped paying his workers' compensation benefits and began to pay him his regular wages.
On January 23, 2007, Daugherty stopped working as a result of his work-related injury. He has been unable to return to work since that time. The County resumed payment of his workers' compensation benefits in January 2007.
In August 2006, while Daugherty was still working for the County, he filed a petition for further benefits. In the petition, he alleged that he had received additional medical treatment and had incurred additional medical bills since the entry of his original award. He further alleged that the County had refused to pay for these additional medical expenses.
The trial court issued an order addressing Daugherty's petition in June 2007, after Daugherty had stopped working for the County. In the order, the trial court found that Daugherty was entitled to reimbursement for a portion of his medical expenses. In addition, the court noted that it appeared that the County's decision to discontinue payment of Daugherty's workers' compensation benefits during the times that Daugherty was able to work constituted a unilateral modification of a workers' compensation award. The court indicated that such a modification may not be permissible.
On August 3, 2007, the County filed an application for modification of Daugherty's workers' compensation award. The County requested that the court modify the original award to reflect that "[Daugherty] was not entitled to [temporary total disability] benefits for the period of February 8, 2005 to December 3, 2005, and from January 8, 2006 to January 20, 2007, since he was not disabled from working at his deputy sheriff job." In addition, the County requested that the court examine Daugherty's current entitlement to temporary total disability benefits.
On January 30, 2008, a hearing was held on the matter. After hearing the evidence, the trial court found that a material and substantial change of condition and decrease of incapacity occurred effective March 13, 2006, when Daugherty's doctor opined that Daugherty had reached maximum medical improvement. The court modified the original award to reflect that Daugherty has experienced a 25-percent permanent loss of earning power which entitles him to $148.20 per week in disability benefits. However, the court further determined that any modification of Daugherty's workers' compensation benefits "cannot be applied retroactively beyond the date the application for modification was filed." As such, the court ordered the County to pay Daugherty *519 his disability benefits for the period of February 8 through December 3, 2005, and from January 14, 2006, through January 21, 2007. The court also awarded Daugherty a 50-percent waiting-time penalty and attorney fees.
The County appealed the order of the trial court to a three-judge review panel. The review panel affirmed the order of the trial court. The County now appeals to this court.

III. ASSIGNMENTS OF ERROR
The County assigns four errors, which we renumber and restate for our review. The County alleges that the trial court erred in determining that a modification of the original award was required for the periods of time when Daugherty had returned to full-time employment, in modifying Daugherty's workers' compensation award retroactive only to the time of filing its application to modify, in failing to credit the County for the wages it paid to Daugherty, and in awarding Daugherty a 50-percent waiting-time penalty.

IV. ANALYSIS

1. STANDARD OF REVIEW
An appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. Cruz-Morales v. Swift Beef Co., 275 Neb. 407, 746 N.W.2d 698 (2008).

2. NECESSITY OF MODIFICATION
The County asserts that the trial court erred in determining that a modification of the original award was required for the periods of time when Daugherty had returned to full-time employment.
The statutory authority for modification of a workers' compensation award is provided by Neb.Rev.Stat. § 48-141 (Reissue 2004). The relevant portion of that section provides as follows:
[T]he amount of any agreement or award payable periodically may be modified as follows: (1) At any time by agreement of the parties with the approval of the Nebraska Workers' Compensation Court; or (2) if the parties cannot agree, then at any time after six months from the date of the agreement or award, an application may be made by either party ....
The Supreme Court has previously stated that "a workers' compensation award is in full force and effect, as originally entered, until the award is modified pursuant to the procedure set forth in § 48-141." Starks v. Cornhusker Packing Co., 254 Neb. 30, 38, 573 N.W.2d 757, 763 (1998).
The County argues that there was no need to modify the award at the time that Daugherty came back to work, because the original award provided that Daugherty was entitled to benefits only for "so long ... as [Daugherty] shall remain temporarily totally disabled." The County alleges that Daugherty was clearly not temporarily totally disabled at the time he returned to work on a full-time basis.
Even if we were to assume that Daugherty was no longer temporarily totally disabled when he returned to work, the Supreme Court has held that employers are prohibited from unilaterally modifying a workers' compensation award. See *520 Starks v. Cornhusker Packing Co., supra. The original award did not set a specific end date for the termination of Daugherty's workers' compensation benefits. Rather, the award indicated that the benefits would terminate when Daugherty was determined to be no longer temporarily totally disabled. It is up to the compensation court to determine the date of a change in disability. See ITT Hartford v. Rodriguez, 249 Neb. 445, 543 N.W.2d 740 (1996). As such, Daugherty's award could only be modified by following the procedures found in § 48-141. Pursuant to § 48-141, absent an agreement by the parties, only the court can modify its award.
The County filed its application to modify on August 3, 2007. Prior to that time, Daugherty's workers' compensation award remained in full force and effect. Assuming without deciding that the parties agreed to a modification of the award when Daugherty returned to work at the sheriff's office, there is no evidence that either party brought such an agreement to the attention of the workers' compensation court. As such, there is no evidence that the court approved such an agreement and there is no evidence that the requirements for modification established in § 48-141 were met.
We understand and appreciate the County's arguments that Daugherty enjoys a "windfall" and is unjustly enriched by the County's failure to adhere to the technical provisions of § 48-141. We agree with the comments of the review panel on this topic:
The review panel appreciates the [County's] argument and agrees that it may seem unjust that one is required to return to court for approval to terminate temporary total disability benefits when all parties are in agreement that the employee is no longer temporarily totally disabled. From an administrative standpoint there must be several hundred if not thousands of awards percolating through the Nebraska Workers' Compensation system where no one has bothered to obtain a court order to terminate benefits to which everyone has agreed the benefits are no longer due and owing because the employee has returned to work.
Ultimately, however, this is a matter for the Legislature to address.

3. RETROACTIVE MODIFICATION
The County asserts that if a modification was required for the period when Daugherty had returned to work, then the trial court erred in modifying Daugherty's workers' compensation award retroactive only to the time of the filing of its application to modify.
The Nebraska Supreme Court has clearly stated that "[a] modification award cannot be applied retroactively beyond the date the application for the modification is filed." Starks v. Cornhusker Packing Co., 254 Neb. 30, 38, 573 N.W.2d 757, 763 (1998). As such, the trial court did not have the authority to modify Daugherty's workers' compensation benefits retroactive to a date prior to the County's filing of its application to modify.

4. CREDIT FOR WAGES PAID
The County also alleges that if the modification of the award cannot be applied retroactively beyond the date of the filing of its application to modify, then the County should receive credit for the wages it paid to Daugherty during the time periods when it discontinued his workers' compensation benefits because he had returned to full-time employment.
The County's argument is one based in equity. However, the Workers' Compensation Court has no equity jurisdiction. *521 See Risor v. Nebraska Boiler, 274 Neb. 906, 744 N.W.2d 693 (2008). The Nebraska Workers' Compensation Court has only the "authority to administer and enforce all of the provisions of the Nebraska Workers' Compensation Act, and any amendments thereof, except such as are committed to the courts of appellate jurisdiction." Neb.Rev.Stat. § 48-152 (Reissue 2004). No Nebraska statute grants equity jurisdiction to the Workers' Compensation Court.

5. WAITING-TIME PENALTY
Finally, the County alleges that the trial court erred in awarding Daugherty a 50-percent waiting-time penalty because the County "had a legitimate reason to refuse to pay [temporary total disability] benefits to [Daugherty] who was working fulltime." Brief for appellant at 17-18.
Neb.Rev.Stat. § 48-125 (Reissue 2004) provides, in pertinent part:
(1) Except as hereinafter provided, all amounts of compensation payable under the Nebraska Workers' Compensation Act shall be payable periodically in accordance with the methods of payment of wages of the employee at the time of the injury or death, except that fifty percent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability or after thirty days from the entry of a final order, award, or judgment of the compensation court.
The 50-percent penalty provision applies when there is no reasonable controversy and the employer refuses or neglects to pay compensation. See Briggs v. Consolidated Freightways, 234 Neb. 410, 451 N.W.2d 278 (1990). To avoid the payments assessable under § 48-125(1), an employer need not prevail in opposing an employee's claim for compensation, but the employer must have an actual basis, in law or fact, for disputing the employee's claim and refraining from payment or compensation. Musil v. J.A. Baldwin Mfg. Co., 233 Neb. 901, 448 N.W.2d 591 (1989).
Upon our review, we conclude that the trial court erred in awarding Daugherty a 50-percent waiting-time penalty. The County had a reasonable basis for refraining from paying Daugherty's workers' compensation benefits during the periods of time when he had returned to work and was receiving his regular wages. The County's belief that it should not have to make "double payments" to Daugherty while he was working is not unreasonable. Until this decision today, no Nebraska precedent has addressed this precise factual circumstance. As such, we reverse that portion of the trial court's order awarding Daugherty a 50-percent waiting-time penalty.

V. CONCLUSION
We affirm the trial court's decision that a modification of the original award was required for periods of time when Daugherty had returned to work. We also affirm the portions of the trial court's order finding that modification of the award could be retroactive only to the time of the filing of the application to modify and that the County could not be given credit for the wages it paid to Daugherty. However, we reverse that portion of the trial court's order awarding Daugherty a 50-percent waiting-time penalty.
AFFIRMED IN PART, AND IN PART REVERSED.